Ebodio RUEDA, Appellant,

v.

Anne and Clifford PASCHAL, Individually and d/b/a Country Hearts Ranch, Appellees.

No. 01–04–00744–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 23, 2005.

Rehearing Overruled Dec. 19, 2005.

Ronald G. Bankston, Bankston Riley, LLP, Houston, TX, Scott Rothenberg, Law Office of Scott Rothenberg, Bellaire, TX, for appellant.

David E. Lueders, Lueders & Boanerges, Houston, TX, for appellees.

Panel Consists of Justices NUCHIA, KEYES, and BLAND.

## OPINION

SAM NUCHIA, Justice.

This is an appeal of a summary judgment rendered in favor of appellees, Ann and Clifford Paschal. In five issues, appellant, Ebodio Rueda, contends that the trial court erred in rendering a no-evidence summary judgment for appellees because the Paschals (1) had control over the work performed and had actual knowledge of the "danger or condition" resulting in appellant's injury, (2) did not invoke the entirety of section 95.003 in their no-evidence motion for summary judgment, (3) did not prove each element of their affirmative defense under section 95.003, and (4) were not entitled to judgment on appellant's claim of gross negligence. We affirm.

## I. Facts

In June 2002, the Paschals, who owned a ranch near Kenney, Texas, hired contractors to assist in improvements and construction on the ranch. One of the contractors, Bumpass Builders, Inc., hired a subcontractor, Jose M. Ramirez. Ramirez then hired several workers, including appellant.

At the Paschals' ranch, appellant was instructed by Ramirez to get some tools from the basement, where the tools were stored and some work was being done. To climb down into the basement, appellant used a wooden ladder furnished by the Paschals. Appellant climbed up the ladder after retrieving some tools, but as he did so, the ladder slipped, and appellant fell, landing on the ladder and the concrete floor and sustaining severe injuries.

Appellant brought suit against several parties, including the Paschals. In January 2004, the Paschals filed a no-evidence motion for summary judgment, asserting that appellant had not produced any evidence of the elements required to establish the liability of property owners under section 95.003 of the Civil Practice and Remedies Code.[1] The Paschals specifically asserted that there was no evidence that (1) they exercised some control over appellant's work or (2) they had knowledge of the danger that resulted in appellant's injury and, therefore, they could not be held liable for appellant's injury.

---

1. Tex. Civ. Prac. & Rem.Code Ann. § 95.003 (Vernon 2005).

The trial court granted the no-evidence motion for summary judgment and, upon a motion by the Paschals, granted a severance of appellant's claims against the Paschals.

## II. Discussion

Section 95.003 of the Texas Civil Practice and Remedies Code provides as follows:

A property owner is not liable for personal injury, death, or property damage to a contractor, subcontractor, or an employee of a contractor or subcontractor who constructs, repairs, renovates, or modifies an improvement to real property, including personal injury, death, or property damage arising from the failure to provide a safe workplace unless:

(1) the property owner exercises or retains some control over the manner in which the work is performed, other than the right to order the work to start or stop or to inspect progress or receive reports; and

(2) the property owner had actual knowledge of the danger or condition resulting in the personal injury, death, or property damage and failed to adequately warn.

TEX. CIV. PRAC. & REM.CODE ANN. § 95.003 (Vernon 2005).

### A. Standard of Review

■ After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. TEX.R. CIV. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.; Johnson v. Brewer and Pritchard, P.C.,* 73 S.W.3d 193, 207 (Tex.2002). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact on the challenged elements. TEX.R. CIV. P. 166a(i); *Southwestern Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002).

■ We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered. *Johnson,* 73 S.W.3d at 197. If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Macias v. Fiesta Mart, Inc.,* 988 S.W.2d 316, 317 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

### B. Actual Knowledge of the Danger or Condition

In the second part of his first issue on appeal, appellant contends that the trial court erred in granting the motion for summary judgment because there was "a genuine issue of material fact as to whether the Paschals ... had actual knowledge of the danger that resulted in appellant's injuries." Appellant does not direct us to any evidence establishing that the Paschals' knew about any danger. Instead, appellant contends that the Paschals' knowledge of the existence of the ladder and its use by the workers to access the basement is enough to raise "a genuine issue of material fact as to whether or not the Paschals had actual knowledge of the condition (the ladder in question) that resulted in Mr. Rueda's serious personal injuries."

■ We first note that a ladder is not a *condition;* a ladder may be *in* a condition, *i.e.,* new, old, sturdy, unsteady. A condition may or may not be dangerous. Under section 95.003, a property owner has a duty to warn only if he knows of a danger-

ous condition. *See* TEX. CIV. PRAC. & REM. CODE § 95.003. Therefore, knowledge of the existence of the ladder is not knowledge of a dangerous condition so as to impose section 95.003 liability on a property owner.

■ In *Fisher v. Lee & Chang Partnership*, we held that, although a contractor was injured by a defective ladder when repairing an air conditioner, the landowner was not liable under section 95.003 because he did not know of the defect. 16 S.W.3d 198, 202 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). A property owner has the duty to warn only of known dangers. *Id.*

We overrule that portion of appellant's first issue as it relates to the Paschals' actual knowledge of the danger that resulted in appellant's injuries.

### C. Invoking the Entirety of Section 95.003

■ In his second issue, appellant contends that the trial court erred in granting the motion for summary judgment on the ground that there was no evidence that the Paschals had actual knowledge of the *danger* that resulted in appellant's injuries because the Paschals failed to move for summary judgment on the additional ground that there was no evidence that the Paschals had actual knowledge of the *condition* that resulted in appellant's injuries. Appellant argues that section 95.003(2) contains two prongs—*danger* and *condition*—and that a property owner's knowledge of either will subject him to liability under section 95.003. Appellant further argues that, because the Paschals only asserted that there was no evidence that they had knowledge of the *danger* that resulted in appellant's injuries, they left unchallenged whether they had knowledge of the *condition* that resulted in appellant's injuries. Therefore, according to ap-

pellant, the trial court, in granting the Paschals' motion, rendered judgment on a ground not presented in the motion.

Appellant contends that he could prevail at trial by proving that the Paschals had either actual knowledge of the *danger* or actual knowledge of the *condition* that resulted in his injury. Appellant asserts that the statute's disjunctive language, "danger or condition," supports his contention. We disagree.

The only cases discussing the "knowledge" prong of section 95.003 use the terms "danger," "danger or condition," and "dangerous condition" interchangeably. *See Chi Energy, Inc. v. Urias*, 156 S.W.3d 873, 880 (Tex.App.-El Paso 2005, pet. filed) (finding no evidence to support "knowledge of a danger or condition" and holding that appellants "had no actual knowledge of ... dangerous condition"); *Dyall v. Simpson Pasadena Paper Co.*, 152 S.W.3d 688, 699, 705, 707, 709, 710 (Tex.App.-Houston [14th Dist.] 2004, pet. filed) (referring to knowledge of "dangerous condition," "knowledge of the danger," being "aware of the danger," and second prong of statute as "knowledge of the danger"); *Fisher v. Lee*, 16 S.W.3d 198, 202–03 (Tex. App.-Houston [1st Dist.] 2000, pet. denied) (referring to knowledge of "dangerous condition" and knowledge that ladder was "dangerous"). We find no case referring only to knowledge of a condition without specifying that it is a dangerous condition. It would be absurd to require a property owner to warn of a condition without some knowledge that the condition is dangerous. Reading the statute in context, we view the terms "danger" and "condition" to be synonymous. Accordingly, we hold that the Paschals were not required to move for summary judgment on two separate bases: that they had no knowledge of a *danger*

and that they had no knowledge of a *condition* that resulted in appellant's injury.

We overrule appellant's second issue.

### D. Burden of Proof

█ In his third issue on appeal, appellant contends that section 95.003 is an affirmative defense, thereby requiring the Paschals to establish all the elements of section 95.003. Although section 95.003 has been referred to in some opinions as a defense and as an affirmative defense, it is clear that a defendant need only establish that chapter 95 applies to him. Under the clear language of the statute, once a defendant has shown the applicability of chapter 95, a plaintiff has the burden to establish both prongs of section 95.003: (1) that the property owner exercised or retained some control over the manner in which the work was performed and (2) that the property owner had actual knowledge of the danger and did not adequately warn of that danger. TEX. CIV. PRAC. & REM.CODE § 95.003; *Francis v. Coastal Oil & Gas Corp.*, 130 S.W.3d 76, 83 (Tex.App.-Houston [1st Dist] 2003, no pet.). Those courts that have referred to the burden of proof required in establishing control and knowledge are consistent with this reading of the statute and have placed that burden on the plaintiff. *See Dyall*, 152 S.W.3d at 699 (reasoning that burden rests on plaintiff to show both control and knowledge of danger); *Kelly v. LIN Television*, 27 S.W.3d 564, 567 (Tex.App.-Eastland 2000, pet. denied) (stating that plaintiff must prove that defendant exercised some control and had

actual knowledge of danger); *Fisher*, 16 S.W.3d at 203 ("Appellant failed to carry his burden to produce evidence of either control or knowledge.").

We hold that, while it is the defendant's burden to establish the applicability of chapter 95 of the Texas Civil Practice and Remedies Code, it is the plaintiff's burden to prove the two prongs of section 95.003: control and knowledge.

We overrule appellant's third issue.

### III. Conclusion

In light of our ruling on the Paschals' knowledge in appellant's first issue and our rulings on the second and third issues, we need not consider the first part of his first issue, which relates to whether the Paschals retained or exercised control over the work, or the fourth issue complaining of the trial court's implied ruling on appellant's gross negligence claim.[2]

We affirm the judgment of the trial court.

█

---

**2.** In addition, we do not consider the "Supplemental Brief of Appellant With One Additional Issue on Appeal," filed three and one-half months after appellant's original brief and challenging the applicability of chapter 95. Appellant did not raise this challenge in the trial court, and all of appellant's responses to the Paschals' motion for summary judgment assumed that the chapter applied.

Moreover, appellant's reply brief states, "Rueda acknowledges the applicability of 95.003 to this case...." Having failed to challenge the applicability of section 95.003 in the trial court, appellant has waived that issue on appeal. *See* TEX.R.APP. P. 33.1. This would be true even if appellant had raised the issue in his original brief. Appellant's motion for leave to file his supplemental brief is denied.