TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00617-CV






Carey Earl James, Appellant


v.


Cousins Properties Texas, L.P., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. D-1-GN-04-002275, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 This is an appeal from a no-evidence summary judgment granted in favor of Cousins
Properties Texas, L.P. on Carey Earl James's claim for injuries suffered when the portable toilet in
which he was sitting rolled off a loading dock. Cousins moved for summary judgment on the basis
that there was no evidence that it exercised or retained control over the work being done that
required a portable toilet, or that it had actual knowledge of the dangerous condition resulting in
James's injuries. Specifically, Cousins argued that there was no evidence that Cousins had control
over the portable toilet or its placement or that Cousins knew of any dangerous condition related to
the portable toilet. James contends that some evidence raised a genuine issue of material fact on
these issues. We affirm the summary judgment.



Background

 Cousins owned the Frost Bank Tower where the incident at issue occurred. A
tenant in the building hired SpawMaxwell Company, LP, to build out its space. SpawMaxwell hired
Delta Granite & Marble to do a portion of the work. Delta employed James as a truck driver. On
January 17, 2004, James delivered a truckload of stone to the Frost Bank Tower.

 While at the building, James entered a portable toilet with wheels that was located
on a sidewalk next to the loading dock which was approximately four feet from the ground. The
toilet had been placed on the sidewalk by a SpawMaxwell employee to give Capital Chemcan access
to clean it. While James was in the portable toilet, it rolled off the sidewalk/loading dock and fell
four feet to the ground, injuring James.

 James sued Cousins, (1) contending it was negligent in failing to provide him a safe
workplace and failing to warn him of the dangers associated with the portable toilet. James alleged
that Cousins was "in exclusive control of the common areas of the premises," and that it was "aware
that the porta potties were being left on the loading docks over the weekends and that this created
a dangerous situation."

 Cousins's former director of property management, Allen Froman, testified by
deposition that he had been in charge of security for the building. He hired a company to monitor
security. Froman testified that he directed that the portable toilets ready for cleaning be placed off
the loading dock and against a back wall because of their odor. He said that neither he nor his staff
had any first-hand knowledge regarding the incident involving James.

 SpawMaxwell's superintendent David Perez testified that he discussed putting the
portable toilets that needed cleaning on the loading dock at a meeting Froman attended. He testified
that Cousins would know of the placement because its security contractor would have seen them put
there. Perez testified that he instructed his employees to lock the wheels of the portable toilets. He
agreed that failure to lock the wheels in that location would create a dangerous situation.

 Cousins filed a no-evidence motion (2) for summary judgment, arguing that it was
entitled to summary judgment because "there is no-evidence that Cousins exercised or retained
control over the manner in which the mobile portable toilet was left in the loading dock and that it
had actual knowledge of the alleged dangerous condition resulting in the Plaintiff's injuries."

 The district court granted Cousins's no-evidence motion for summary judgment. The
court did not specify a particular basis for the ruling.


Discussion

 James contends that the trial court erred in granting Cousins's motion for summary
judgment. He argues that there was evidence creating material fact issues regarding Cousins's
control and actual knowledge. We review a summary judgment de novo. Joe v. Two Thirty Nine
Joint Venture, 145 S.W.3d 150, 156 (Tex. 2004). Because the trial court did not specify a particular
ground on which it granted the motion, James must show that neither of the two grounds alleged in
Cousins's no-evidence motion can support the trial court's judgment. See FM Props. Operating Co.
v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000). If we find that summary judgment is proper on
either ground, we must affirm. Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999);
Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).

 We review the evidence in the light most favorable to the nonmovant,
disregarding all contrary evidence and inferences. King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003). We indulge all reasonable inferences and resolve any doubt in the
nonmovant's favor. Southwestern Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). 
A grant of a no-evidence motion is inappropriate if the nonmovant presents more than a scintilla of
probative evidence raising a genuine issue of material fact. King Ranch, 118 S.W.3d at 751. More
than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable
and fair-minded people to differ in their conclusions." Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997). Less than a scintilla of evidence exists when the evidence is so
weak as to create no more than a mere suspicion or surmise. Kindred v. Con/Chem, Inc.,
650 S.W.2d 61, 63 (Tex. 1983).

 Texas law shields property owners from liability for many injuries that befall
independent contractors due to circumstances that are not in the owner's control. See Tex. Civ. Prac.
& Rem. Code Ann. §§ 95.002, .003 (West 2005). (3) A property owner will be held liable under
section 95.003 only if the plaintiff shows that the owner retained or exercised control over the
manner in which the work was performed and had actual knowledge of the danger or condition
which resulted in the plaintiff's injury. Id. § 95.003. The plaintiff must prove both of these elements
before liability will be imposed on the owner. Rueda v. Paschal, 178 S.W.3d 107, 110
(Tex. App.--Houston [1st Dist.] 2005, no pet.). The statutory "actual knowledge" standard replaces
the pre-chapter 95 standard of constructive knowledge. Phillips v. Dow Chem. Co., 186 S.W.3d 121,
133 (Tex. App.--Houston [1st Dist.] 2005, no pet).

 Before determining if there is evidence that Cousins had actual knowledge of the
danger or condition, we must determine what the relevant danger or condition was. James contends
that leaving the portable toilet on the sidewalk of the loading dock constituted the danger. Cousins
argues that whether the wheels were locked determines whether the toilet was dangerous.

 While there is evidence that placing a portable toilet on the sidewalk near the loading
dock with its wheels free to roll is dangerous, there is no evidence that placing a portable toilet where
it was placed with its wheels locked would have created a dangerous condition. (4) James contends that
Froman acknowledged in his deposition that placing the portable toilet on the sidewalk near the
loading dock was dangerous. However, that is not precisely Froman's testimony. Froman testified
to different concerns depending on whether the portable toilet was stationary or mobile. He testified
that stationary toilets on the sidewalk created an obstacle to travel. When asked if he had any other
concerns, he testified, "If they were trying to leave the stationary units there, no. If they were trying
to leave the mobile units there, yes. The space isn't big enough." He added that the mobile units
created an odor issue. Although Froman testified that he would have been concerned about the
potential for the portable toilets to roll and fall, that was in response to a question that included the
additional condition that the portable toilet was to be placed on the sidewalk with its wheels
unlocked. Froman's stated concern about a risk was that the toilet could roll or fall in that position
if it had wheels and those wheels were not locked. This statement does not show that the danger was
created merely by placing a mobile, portable toilet near the loading dock.

 This case is similar to Rueda, in which the subcontractor's injured employee
contended that because the landowners knew that workers were using a ladder to access the basement
of the house, the landowners had actual knowledge of the condition that caused the employee's
injuries. See 178 S.W.3d at 109-10. The court held that knowledge of the existence of the ladder
was not knowledge of the dangerous condition, and therefore summary judgment against the
employee's claim was appropriate. Id. at 110. The employee also argued that, because § 95.003(2)
uses the disjunctive "or," the appellee could be held liable if it had knowledge of the "danger" or
"condition." Id. The court rejected this argument and regarded "danger" and "condition" to be
synonymous in the context of the statute. Id. The court further said "it would be absurd to require
a property owner to warn of a condition without some knowledge that the condition is dangerous." 
Id. Similarly, in this case, knowledge that portable toilets with wheels were being placed on the
sidewalk near the loading dock is akin to knowledge that employees are using a ladder on a jobsite. 
That knowledge, alone, is not evidence of knowledge of a dangerous condition. There must be
evidence that the owner was aware of how the ladder, toilet, or other item was being used that
created a dangerous condition. Cousins's duty to warn would only arise if it knew that the wheels
of the mobile portable toilets placed near the loading dock were unlocked. There is no dispute
that mobile portable toilets with locked wheels placed near the loading dock would not be a
dangerous condition.

 There is no evidence in the record that Cousins actually knew mobile portable toilets
were being placed on the sidewalk with their wheels unlocked. Neither Froman nor anyone else
testified that merely placing the toilets on the sidewalk created a danger of their rolling and falling.
Perez's testimony that there was an oral agreement among the contractors to leave the mobile
portable toilets on the sidewalk to be cleaned, that Froman knew of the agreement, (5) and that Perez
instructed his workers to lock the wheels of a mobile portable toilet when placing it on the sidewalk
does not show that Cousins knew toilets were being placed on the sidewalk with their wheels free
to roll. We find no evidence in the record showing that Cousins had actual knowledge that the
mobile portable toilet was being placed on the sidewalk with its wheels unlocked.

 Because there is no evidence that Cousins actually knew of the alleged dangerous
condition that caused James's injuries, the no-evidence motion for summary judgment was properly
granted.

 Affirmed.



 

 G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: May 30, 2008
1. James sued and settled with a number of other parties.
2. Cousins also filed a traditional motion, but the trial court did not specifically rule on that
motion. It was implicitly denied by operation of the Mother Hubbard clause included in the
judgment denying all relief not granted.
3. Chapter 95 of the Texas Civil Practice and Remedies Code applies to the following types
of claims:


 (1) against a property owner, contractor, or subcontractor for personal injury, death,
or property damage to an owner, a contractor, or a subcontractor or an employee of
a contractor or subcontractor; and


 (2) that arises from the condition or use of an improvement to real property where the
contractor or subcontractor constructs, repairs, renovates, or modifies the
improvement.


Tex. Civ. Prac. & Rem. Code Ann. § 95.002 (West 2005). Chapter 95 describes a property owner's
liability for the acts of an independent contractor as follows:


 A property owner is not liable for personal injury, death, or property damage to a
contractor, subcontractor, or an employee of a contractor or subcontractor who
constructs, repairs, renovates, or modifies an improvement to real property, including
personal injury, death, or property damage arising from the failure to provide a safe
workplace unless:

 

 (1) the property owner exercises or retains some control over the
manner in which the work is performed, other than the right to order
the work to start or stop or to inspect progress or receive reports; and


 (2) the property owner had actual knowledge of the danger or
condition resulting in the personal injury, death, or property damage
and failed to adequately warn.


Id. § 95.003.
4. This opinion should not be construed as a determination regarding the inherent
dangerousness of portable toilets with unlocked wheels. This scope of this opinion is constrained
by the evidence in this record, which is limited to whether this particular placement of this toilet with
its wheels unlocked created a dangerous condition.
5. Although Froman denied any knowledge of such an agreement, we must disregard this
evidence favoring the judgment under the no-evidence standard.