Reversed and Remanded and Plurality, Concurring, and Dissenting Opinions
filed March 31, 2009








Reversed and
Remanded and Plurality,
Concurring, and Dissenting Opinions filed March 31, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00341-CV

____________

 

DAVID HERNANDEZ, Appellant

 

V.

 

BRINKER INTERNATIONAL, INC., Appellee

 



 

On Appeal from the 333rd
District Court

Harris County, Texas

Trial Court Cause No. 2005-63422

 



 

C O N C U R R I N G  O P I N I O N

I concur with the outcome of the plurality opinion, but
reach the same result on different grounds.  Because appellee failed to
establish all the elements of his affirmative defense, I would hold the trial
court erred when it granted appellee=s motion for
summary judgment.  








Factual and Procedural Background

In March of 2005, appellant was employed as an air
conditioning mechanic for Accurate Air Systems in Houston, Texas.  Appellee
allegedly owned and operated a Chili=s restaurant at
1040 W. Sam Houston Parkway in Houston, Texas.  Appellee contracted with
Accurate Air Systems to perform routine maintenance and repairs to the air
conditioning unit located on the roof of the Chili=s restaurant.  On
March 10, Accurate Air Systems assigned appellant to replace a compressor motor
in appellee=s air conditioning unit.  

Appellant arrived at the Chili=s, briefly said
hello to the manager, and then climbed a ladder to the roof of the restaurant. 
Appellant removed the original compressor and planned to carry it toward a
point on the roof from which he could lower it to the ground.  As he stepped
away from the air conditioning unit with the compressor in his arms, the roof
collapsed and a portion of his body fell through the opening.

Appellant filed the underlying lawsuit against appellee
alleging it failed to exercise ordinary care in maintaining the restaurant
premises, specifically the roof.  He claimed that as a result of his fall, he
suffered injuries to his left leg, lower back, and right shoulder, foot, knee,
and hip.  Appellant sought damages for physical impairment, medical expenses,
past and future lost wages, mental anguish, and physical pain.  

Discovery revealed that appellee had previously scheduled
replacement of the restaurant=s roof because it was leaking and had at
least one Asoft spot.@  However, the
restaurant=s manager did not tell appellant before he started
work that there were any problems with the roof.








Appellee filed a motion for summary judgment contending
that Chapter 95 of the Texas Civil Practice and Remedies Code precluded
appellant=s recovery.  See Tex. Civ. Prac. & Rem.
Code Ann. ' 95.001 et seq. (Vernon 2005).  Specifically,
appellee argued it could have no liability to appellant because appellant
himself testified appellee exercised no control over his work on the air
conditioning unit.  See id. ' 95.003 (precluding
property owner=s liability for injury to employee of a contractor
unless owner exercises control over performance of the work and had actual
knowledge, but failed to adequately warn, of the danger that resulted in the
injury).

The trial judge granted appellee=s summary judgment
motion, which appellant timely appeals.    

Discussion

A.      Did
Appellee Conclusively Prove Chapter 95 Applies to Appellant=s Claims?

Because it is dispositive of this appeal I address
appellant=s fourth issue first.  In appellant=s fourth issue, he
argues appellee failed to meet its burden of conclusively proving Chapter 95
applies as a matter of law because it was pleaded as an affirmative defense. 

1.       Standard
of Review

Under the traditional summary judgment standard of review,
a movant has the burden to show at the trial level that there are no genuine
issues of material fact, and he is entitled to judgment as a matter of law.  KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999).  In determining whether there is a genuine fact issue precluding summary
judgment, evidence favorable to the non-movant is taken as true and we make all
reasonable inferences in his favor.  Id.  We review the trial court=s summary judgment
de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.
2005).  A defendant is entitled to summary judgment if it conclusively negates
at least one of the essential elements of a plaintiff=s cause of action
or conclusively establishes all necessary elements of an affirmative defense.  Cathey
v. Booth, 900 S.W.2d 339, 341 (Tex. 1995).  Only when the defendant
establishes its right to summary judgment, does the burden shift to the
plaintiff to come forward with competent controverting evidence raising a
genuine issue of material fact.  Centeq Realty, Inc. v. Siegler, 899
S.W.2d 195, 197 (Tex. 1995).








2.       Analysis 

Appellant correctly asserts appellee failed to meet his
burden of proving the applicability of Chapter 95.  The defendant in a Chapter
95 case must establish Chapter 95 applies to him.  Rueda v. Paschal, 178
S.W.3d 107, 111 (Tex.
App.CHouston [1st Dist.] 2005, no pet.). 
Once the defendant has shown the applicability of Chapter 95, a plaintiff has
the burden to establish both prongs of Section 95.003.  Id.  A defendant
proves Chapter 95 applies by presenting evidence conclusively establishing that
all elements of Section 95.002 have  been met.  See Vanderbeek v. San
Jacinto Methodist Hosp., 246 S.W.3d 346, 352 (Tex. App.CHouston [14th Dist.] 2008, no pet.). 
Section 95.002, titled AApplicability@ requires a claim:

 (1) against a property owner, contractor, or subcontractor
for personal injury, death, or property damage to an owner, a contractor, or a
subcontractor or an employee of a contractor of subcontractor; and 

(2) that arises from the condition or use of an improvement
to real property where the contractor or subcontractor constructs, repairs,
renovates, or modifies the improvement.  

Tex.
Civ. Prac. & Rem. Code ' 95.002.  A Aclaim@ is a claim for
damages caused by negligence. Id. ' 95.001(1) .  A Aproperty owner@ is a person or
entity that owns real property primarily used for commercial or business
purposes.  Id. ' 95.001(3).

In summation, appellee has the burden of proving: (1)
appellee is a Aproperty owner@, (2) appellant is
holding appellee liable for personal injury, (3) appellant was hired as an
independent contractor, (4) appellant=s claims arise
from a condition of an improvement on appellant=s property, and
(5) appellee was repairing or modifying the improvement.  See id. ' ' 95.001, 95.002.  









 In this case, appellee attached three pieces of evidence
to his motion for summary judgment: the affidavit of Todd Shaler, manger of
Chili=s restaurant;
excerpts from plaintiff=s objections and answers to defendant=s first set of
interrogatories; and excerpts from appellant=s deposition.  All
three of these documents focus on appellee=s lack of control
over appellant=s work, an element of Section 95.003.  See id. ' 95.003(1).  As
mentioned above, the burden of proving both prongs of Section 95.003 shifts to
appellant only after appellee has first proved Section 95.002.  Rueda,
178 S.W.3d at 111.  

Nowhere in appellee=s attached summary
judgment evidence does appellee establish it is the Aproperty owner@ of the Chili=s restaurant where
appellant=s alleged injuries occurred.  In its evidence,
appellee assumes its status as a property owner is established.  Because
proving property owner status is an element of Section 95.002, a mere
assumption of status is not sufficient.  See id. ' 95.002(2). 
Appellee has failed to meet its burden of proving Chapter 95 applies. 
Therefore, I would hold summary judgment was improperly granted because
appellee did not conclusively establish all necessary elements of its
affirmative defense.  See Cathey, 900 S.W.2d at 341.  

Conclusion

For the reasons stated above, I would hold the trial court
erred in granting appellee=s motion for summary judgment. 
Accordingly, I agree the summary judgment should be reversed, albeit for
reasons different from those stated in the plurality opinion.  Thus, I
respectfully concur in the result only. 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

Panel consists of
Justices Yates, Anderson, and Brown.  (Brown, J., plurality), Yates, J.,
dissenting).