Opinion issued May 7, 2009









In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00200-CV






CHARLES MCINTYRE HADEN, JR., INDIVIDUALLY, and CHARLES
MCINTYRE HADEN, JR. & COMPANY D/B/A HADEN & COMPANY,
Appellants


V.


DAVID J. SACKS, P.C. D/B/A SACKS & ASSOCIATES, Appellee






On Appeal from County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 722,791






OPINION ON REMAND

 This appeal is before us on remand from the Supreme Court of Texas. David
J. Sacks P.C. v. Haden, 266 S.W.3d 447 (Tex. 2008) (per curiam). Having reinstated
the summary judgment rendered in favor of appellee, David J. Sacks, P.C. (Sacks)
d/b/a Sacks & Associates (collectively referred to as the law firm) on the law firm's
claim for breach of the attorney's fee agreement between the law firm and its client,
appellants, Charles M. Haden, Jr., individually (Haden), and Charles McIntyre Haden,
Jr. & Company d/b/a Haden & Company (the company), the supreme court has
instructed this Court to address the company's remaining issues. (1) In these issues,
Haden and the company challenge the final judgment rendered in favor of the law
firm (1) for $120,887.50 in attorney's fees in connection with pursuing the breach of
contract claim and (2) on the company's counterclaims for violations of the Deceptive
Trade Practices and Consumer Protection Act (DTPA), (2) breach of fiduciary duty,
breach of contract, and fraud. We affirm. 

Procedural Background 
 The law firm's live pleadings asserted claims for (1) a "suit on sworn account"
by claiming that the company accepted the services and became bound to pay the law
firm on an open account, see Tex. R. Civ. P. 185, (2) breach of contract, (3) quantum
meruit, and (4) DTPA violations for counterclaims later filed against the law firm. 
The company answered the petition and asserted its own counterclaims against the law
firm for fraud, DTPA violations, unconscionable course of action, breach of contract,
and breach of fiduciary duty. 

 The law firm sought traditional and no-evidence summary judgment on the
company's counterclaims. The company's response to the motion for summary
judgment included a challenge to the affidavit by Sacks that had been attached to the
law firm's motion. The company also offered Haden's affidavit and other evidentiary
exhibits. In addition to responding on the merits, the law firm's reply included an
amended, extensively detailed affidavit executed by Sacks. 

 On May 11, 2000, the trial court rendered a take-nothing summary judgment in
favor of the law firm on the company's counterclaims for unconscionable action,
fraud, and violations of the DTPA. On June 5, 2000, the trial court rendered a take-nothing summary judgment on the company's counterclaims for breach of fiduciary
duty and breach of contract. (3) 

 The law firm also sought traditional and no-evidence summary judgment for its
breach of contract claim by asserting its right to judgment as a matter of law for unpaid
attorney's fees amounting to $30,314.38, pursuant to section 38.001 of the Civil
Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 38.001-.006
(Vernon 2008). The trial court rendered an interlocutory summary judgment in favor
of the law firm on its breach-of-contract claims for $30,314.38, plus interest. The trial
court also ruled that the law firm was entitled to attorney's fees expended in pursuing
the contract claim, but reserved ruling on the amount of reasonable attorney's fees. 
The supreme court affirmed this portion of the trial court's final judgment. Haden,
266 S.W.3d at 450.

 Two months later, the law firm sought a traditional summary judgment against
the company on the reasonableness of the attorney's fees incurred in seeking the
summary judgment on its breach-of-contract claim. The trial court then rendered a
final judgment incorporating its earlier ruling on the contract and awarded the law firm
an additional $75,887.50 for attorney's fees incurred in pursuing the contract claim,
with contingent fees totaling $45,000 for appeals to an intermediate appellate court
and for seeking a petition for review in the supreme court. The first paragraph of the
judgment recites that Haden and the company filed no response to the law firm's
motion concerning the attorney's fees sought for pursuit of the contract claim. This
appeal challenges this portion of the final judgment, which rendered final the trial
court's orders rendering summary judgment in favor of the law firm on the company's
counterclaims. Haden and the company did not supersede this final judgment, which
prompted postjudgment collection and enforcement procedures. These culminated in
the law firm's obtaining turnover relief, for which the firm sought attorney's fees
pursuant to section 31.002(e) of the Civil Practice and Remedies Code. Tex. Civ.
Prac. & Rem. Code Ann. § 31.002(e) (Vernon Supp. 2008). The law firm prevailed
again and recovered a judgment for $90,000 in attorney's fees. Haden and the
company challenge that judgment in Cause No. 01-03-00025-CV.

Standard of Review


 We review summary judgments de novo, Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005), and follow the usual standards that apply when a
summary judgment order grants relief without specifying grounds. See Dow Chem.
Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001); Stephens v. Dolcefino, 126 S.W.3d
120, 125-26 (Tex. App.--Houston [1st Dist.] 2003, pet. denied). We consider all
summary judgment grounds on which the trial court ruled and that the appealing party
preserves for appellate review that are necessary for final disposition of the appeal. 
See Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 626 (Tex. 1996). 

 The law firm moved for summary judgment under two authorizing rules, rule
166a(c) ("traditional" summary judgment) and 166a(i) ("no-evidence" summary
judgment). See Tex. R. Civ. P. 166a(c),(i). For its breach-of-contract and attorney's
fees claims, the law firm moved for traditional summary judgment under rule 166a(c). 
For Haden's and the company's counterclaims, the law firm sought both a traditional
summary judgment and a no-evidence summary judgment under rule 166a(i). We
apply the standard of review appropriate for each type of summary judgment. See
Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834
(Tex. App.--Houston [1st Dist.] 1999, no pet.) (166a(i) no-evidence standard); Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997) (166a(c) traditional
standard); see also City of Keller v. Wilson, 168 S.W.3d 802, 823 (Tex. 2005) ("[T]he
test for legal sufficiency should be the same for summary judgments, directed verdicts,
judgments notwithstanding the verdict, and appellate no-evidence review."); Sudan
v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006) (applying City of Keller standard to no-evidence summary judgment) (citing City of Keller, 168 S.W.3d at 823). 

Challenge to Section 38.001(8) Attorney's Fees


 Haden's and the company's first issue challenges the final summary judgment
rendered in this cause, which awarded the law firm $120,887.50 for attorney's fees and
costs and includes $75,887.50 awarded in connection with pursuing the law firm's
claim for breach of contract. (4) Haden and the company challenge the fees awarded to
the law firm in pursuing the firm's claim for breach of contract, on the grounds that
(1) the law firm's motion did not segregate between recoverable and nonrecoverable
grounds, (2) Sacks's affidavit in support of the fee recovery is conclusory and lacks
supporting evidence, and (3) the "attendant circumstances" of awarding attorney's fees
in an amount that is four times the amount in controversy creates a fact issue per se,
despite Haden's and the company's failure to respond to the motion for summary
judgment. 

 Having prevailed and recovered damages on its claim for breach of contract by
the interlocutory summary judgment rendered in its favor, the law firm was entitled
to recover reasonable attorney's fees and costs pursuant to chapter 38 of the Civil
Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8);
Green Int'l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997) (holding that party must
prevail and recover damages to be entitled to attorney's fees under section 38.001(8)). 
 The law firm offered the following affidavit by Sacks, its principal, in support
of its motion for traditional summary judgment for attorney's fees, as authorized by
section 38.001(8) of chapter 38: 

 My name is David J. Sacks, I am over the age of twenty-one (21) years,
and am of sound mind and fully competent to make this affidavit. I am
the President of David J. Sacks, P.C., d/b/a Sacks & Associates ("the
Lawfirm"), I am also the custodian of records for David J. Sacks, P.C.,
d/b/a Sacks & Associates, and I have personal knowledge of all matters
stated herein whose facts are true and correct.


 1. I am an attorney licensed to practice law in the State of Texas and
have been since 1985. I handle both the trial and appellate aspects
of civil litigation type cases. I am Board Certified in Civil
Appellate law by the Texas Board of Legal Specialization. I am
familiar with the fees charged for cases of this type, in Houston,
Harris County, Texas. Based upon:


 a. the time and labor required, the novelty and difficulty
of the questions involved, and the skill requisite to
perform the legal service properly;

 b. the likelihood, if apparent to the client, that the
acceptance of the particular employment will
preclude other employment by the lawyer;

 c. the fee customarily charged in Houston, Harris
County, Texas for similar legal services;

 d. the amount involved and the results obtained;

 e. the time limitations imposed by the client or by the
circumstances;

 f. the nature and length of the professional relationship
with the client; and

 g. the experience, reputation, and ability of the lawyers
performing the services,


 the attorneys' fees and expenses of $75,887.50 incurred in
this case are reasonable and necessary for cases of this type
in Houston, Harris County, Texas. The reasonable and
necessary fees in this case include filing the original and
amended petitions, conducting discovery, attending
depositions, filing three motions for summary judgment and
replies in support thereof, preparing for hearing on three
motions for summary judgment, responding and replying to
a motion to recuse, and preparing for and attending an
evidentiary proceeding on the motion to recuse.


 2. In the event of an appeal to the court of appeals, a further sum of
$25,000 would be reasonable and necessary attorneys' fees. In the
event of a further appeal to the Supreme Court, a further sum of
$15,000 would be reasonable and necessary attorneys' fee. In the
event of oral arguments to the Supreme Court, a further sum of
$5,000 would be reasonable and necessary attorneys' fees.


 Further affiant sayeth not.

 

 Haden and the company did not respond or offer any controverting evidence in
opposition to the law firm's motion for summary judgment.

A. Ramifications of Lack of Response to Sacks's Motion


 Though Haden and the company filed no response to the law firm's motion for
traditional summary judgment seeking attorney's fees, that does not preclude their
challenge to the trial court's summary judgment ruling or a challenge on the grounds
that conclusory statements lacked evidentiary support. The failure to respond to the
law firm's motion for traditional summary judgment seeking attorney's fees, however, 
has consequences concerning the recovery of fees under Tex. Civ. Prac. & Rem.
Code Ann. § 38.001(8). 

 1. Challenges That May Be Asserted Despite Failure to Respond

 a. In General

 Because the party moving for traditional summary judgment, here the law firm,
carries the burden to establish that no material fact issue exists and that it is entitled
to judgment as a matter of law, "the nonmovant has no burden to respond to a
summary judgment motion unless the movant conclusively establishes its cause of
action or defense." M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22,
23 (Tex. 2000); see also Rhône-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex.
1999) ("The trial court may not grant summary judgment by default" for failure to file
a response to a motion for summary judgment "when movant's summary judgment
proof is legally insufficient."); Rizkallah v. Conner, 952 S.W.2d 580, 582-83 (Tex.
App.--Houston [1st Dist.] 1997, no writ) (holding that lack of response by nonmovant
"does not supply by default the summary judgment proof necessary to establish the
movant's right to summary judgment" and that nonmovant "is limited on appeal to
arguing the legal sufficiency of the grounds presented by movant") (citing McConnell
v. Southside Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993)); Jones v. Legal Copy, Inc.,
846 S.W.2d 922, 924 (Tex. App.--Houston [1st Dist.] 1993, no writ) (holding that
party who filed no response to motion for summary judgment limited to legal
sufficiency challenge). Because a motion for summary judgment must stand on its
own merits, the nonmovant may argue on appeal that the movant's summary judgment
proof is insufficient as a matter of law, even if the nonmovant filed no response to the
motion. See Willrich, 28 S.W.3d at 23.

 Haden and the company may, therefore, properly contend, on appeal, that the
law firm's motion for summary judgment is legally insufficient as a matter of law to
warrant summary judgment, despite their failure to respond to the law firm's motion
seeking attorney's fees. But, because "issues not expressly presented to the trial court
by written motion, answer, or other response" may not "be considered on appeal as
grounds for reversal," Tex. R. Civ. P. 166a(c), Haden's and the company's challenges
are necessarily limited to challenges to the legal sufficiency of the law firm's motion
for traditional summary judgment to support judgment as a matter of law. See Jones,
846 S.W.2d at 924 (citing City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678 (Tex. 1979)).

 b. "Legal Conclusion" Challenge

 Haden and the company challenge the attorney's fee award by asserting that
Sacks's affidavit is conclusory and lacks supporting evidence. A conclusory statement
is objectionable because it lacks supporting, underlying facts. Anderson v. Snider,
808 S.W.2d 54, 55 (Tex. 1991); Rizkallah, 952 S.W.2d at 587. Statements that are
nothing more than legal conclusions are not sufficient to support a summary judgment
as a matter of law because they "reduce to a legal issue a matter that should be
resolved by relying on facts," id., and thus constitute "merely a sworn denial" of the
nonmovant's claim. Rizkallah, 952 S.W.2d at 587 (citing Anderson v. Snider, 808
S.W.2d at 55); see also Burrow v. Arce, 997 S.W.2d 229, 235-36 (Tex. 1999)
(rejecting affidavit by counsel as "nothing more than a sworn denial of plaintiff's
claims" that "could not support summary judgment"; further stating that an attorney
"cannot simply say, "Take my word for it; I know[.]"). 

 Haden's and the company's contention is reviewable, despite their lack of
response to the law firm's motion for traditional summary judgment, because their
contention, that Sacks's affidavit testimony is conclusory and lacks supporting
evidence, raises a defect of substance that they did not waive by not responding to
Sacks's motion. See Rizkallah, 952 S.W.2d at 587. 

 For these reasons, we may review Haden's and the company's challenge to
Sacks's affidavit on the grounds that it comprises mere legal conclusions. 

 2. Consequences of Lack of Response for Chapter 38

 Consequences follow from Haden's and the company's lack of response to
Sacks's motion for traditional summary judgment seeking attorney's fees pursuant to
chapter 38 of the Civil Practice and Remedies Code. To warrant recovery under
section 38.001 of the Civil Practice and Remedies Code, attorney's fees must be
"reasonable." See Tex. Civ. Prac. & Rem. Code Ann. § 38.001. The reasonableness
of an attorney's fee award generally presents a question of fact. See Ragsdale v.
Progressive Voters League, 801 S.W.2d 880, 881-82 (Tex. 1990); Great Am. Reserve
Ins. Co. v. Britton, 406 S.W.2d 901, 907 (Tex. 1966); Tesoro Petroleum Corp. v.
Coastal Ref. & Mktg, Inc., 754 S.W.2d 764, 767 (Tex. App.--Houston [1st Dist.]
1988, writ denied). An award of attorney's fees must be supported by evidence that
the fees were both reasonable and necessary. See Stewart Title Guar. Co. v. Sterling,
822 S.W.2d 1, 10 (Tex. 1991). A trial court determines the reasonableness of an
attorney's fee award by considering the factors enumerated in Arthur Andersen & Co.
v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997) (quoting Tex. Disciplinary
R. Prof. Conduct 1.04(b), reprinted in Tex. Gov't Code Ann. tit. 2, subtit. G app.
(State Bar Rules, art. X, § 9) (listing "factors that may be considered in determining
the reasonableness" of a fee, but without excluding other relevant factors)); see C.M.
Asfahl Agency v. Tensor, Inc., 135 S.W.3d 768, 801-02 (Tex. App.--Houston [1st
Dist.] 2004, no pet.) (quoting Andersen factors). 

 Section 38.003 of the Civil Practice and Remedies Code creates a statutory
presumption that the "usual and customary attorney's fees" are reasonable for a
chapter 38 claim. See Tex. Civ. Prac. & Rem. Code Ann. § 38.003. Although the
presumption is rebuttable, once triggered, see id., it remains unrebutted when, as here,
there has been no challenge to the proof provided by the summary judgment movant. 
See Gen. Elec. Supply Co. v. Gulf Electroquip, Inc., 857 S.W.2d 591, 601-02 (Tex.
App.--Houston [1st Dist.] 1993, no writ) (noting that section 38.003 presumption
does not apply unless reasonableness of fees uncontroverted; further holding that
controverting affidavit created fact issue on reasonableness of fees, which precluded
summary judgment). It is undisputed that the trial court granted the law firm's request
for attorney's fees pursuant to Chapter 38. Accordingly, Haden's and the company's
challenges to the award must be reviewed within the statutory framework of chapter
38, specifically, its presumption of reasonableness. Tex. Civ. Prac. & Rem. Code
Ann. § 38.003 (Vernon 1997). (5) 

 Well-settled law recognizes that the affidavit of the attorney representing a
claimant constitutes expert testimony that will support an award of attorney's fees in
a summary judgment proceeding. See Tesoro Petroleum Corp., 754 S.W.2d at 767. 
Sacks is an interested party in this lawsuit, but that status does not defeat his affidavit. 
See Tex. R. Civ. P. 166a(c) ("A summary judgment may be based on uncontroverted
testimonial evidence of an interested witness, or of an expert witness . . . if the
evidence is clear, positive, direct, otherwise credible and free from contradictions and
inconsistencies, and could have been readily controverted.") (emphasis added); see
Burrow, 997 S.W.2d at 235. 

 B. Legal Sufficiency of Sacks's Affidavit to Support Fee Recovery


 Within the substantive parameters of sections 38.003 and 38.005 of the Civil
Practice and Remedies Code addressed immediately above, see Tex. Civ. Prac. &
Rem. Code Ann. §§ 38.003, 38.005, we turn to Haden's and the company's legal-sufficiency challenges to the trial court's rendering summary judgment in favor of the
law firm for $120,887.50 in attorney's fees and costs. Haden's and the company's
challenges include their contention that the affidavit offered by Sacks to support the
award of attorney's fees, set forth in full above, consists of mere legal conclusions that
are legally insufficient to support the award.

 1. Contents of Affidavit

 The affidavit demonstrates, on its face, Sacks's competency to swear to the facts
stated in the affidavit and his capacity to state that he had personal knowledge of those
facts. In addition to his role as president and custodian of the records of the law firm
and as counsel in this litigation, Sacks described his qualifications as counsel, which
included his board certification in civil appellate law by the Texas Board of Legal
Specialization. We hold that these recitals establish compliance with the requirements
of rule 166a(f). See Tex. R. Civ. P. 166a(f) (stating formal requirements for summary
judgment affidavits). 

 In the affidavit, Sacks described the work encompassed by the fees sought,
which included drafting original and amended pleadings, conducting discovery, filing
motions, responding to motions, and preparing for and appearing in court. These facts
are not "generalities," as Haden and the company contend, but "clear, positive, and
direct, otherwise credible" and are neither internally inconsistent nor contain
contradictions. See Tex. R. Civ. P. 166a(c). Although Haden and the company did
not controvert the affidavit, all facts stated in it "could have been readily
controverted." See id. As such, Sacks's affidavit meets the standards for summary
judgment evidence stated in rule 166a(c). See Tex. R. Civ. P. 166a(c). 

 In addition, Sacks's affidavit specifies the factors that determined the basis for
his statement that $75,887.50 was a "reasonable and necessary" amount for fees and
expenses. Sacks tracked seven of the eight recognized, non-exclusive factors that
courts properly consider in determining whether a fee is reasonable. See Arthur
Andersen & Co., 945 S.W.2d at 818 (quoting Tex. Disciplinary R. Prof. Conduct
1.04(b), reprinted in Tex. Gov't Code Ann. tit. 2, subtit. G app. (State Bar Rules,
art. X, § 9) (listing "factors that may be considered in determining the reasonableness
of a fee include, but not to the exclusion of other relevant factors")) (referred to
hereinafter as the Andersen v. Perry factors of rule 1.04(b) of the State Bar Rules) (6);
see also Sterling, 822 S.W.2d at 10 (stating that other factors may properly be
considered in awarding attorney's fees provided factors demonstrate that fees are
"reasonable and necessary"); C.M. Asfahl Agency, 135 S.W.3d at 802 (quoting Arthur
Andersen & Co., 945 S.W.2d at 818). 

 Based on the facts stated in Sacks's affidavit, which complied with the
evidentiary requirements of rule 166a(c) and which could have been readily
controverted, but were not, and his reference to the well-settled factors on which he
properly relied to demonstrate the reasonableness of the fees requested, we conclude
that the affidavit constitutes legally competent evidence that the $75,887.50 sought by
the law firm as attorney's fees was both reasonable and necessary. Because Haden and
the company did not controvert Sacks's affidavit or otherwise dispute the law firm's
evidence, the law firm was further entitled to the statutory presumption that the
requested amount was both reasonable and necessary. See Tex. Civ. Prac. & Rem.
Code Ann. § 38.003; Gen. Elec. Supply Co., 857 S.W.2d at 601. (7) 

 Haden and the company rely on Burrow and Anderson v. Snider to support their
contention that Sacks's affidavit is incompetent summary judgment proof because it
is conclusory and lacks evidentiary support. The specificity of Sacks's affidavit
contrasts markedly with the affidavits offered by defense counsel in support of
summary judgments in Burrow and Anderson, which the supreme court dismissed as
mere sworn denials of the plaintiffs' legal-malpractice petitions and, for that reason,
as incompetent legal conclusions. See Burrow, 997 S.W.2d at 235-36; Anderson, 808
S.W.2d at 55; see also Rizkallah, 952 S.W.2d at 587 (rejecting portions of summary
judgment affidavit as legal conclusions). Moreover, neither Burrow nor Anderson
construes provisions of chapter 38 or challenges an affidavit offered in support of a
motion for summary judgment seeking attorney's fees pursuant to chapter 38. See
Burrow, 997 S.W.2d at 234-38; Anderson, 808 S.W.2d at 55. Accordingly, the
summary judgment evidence reviewed in those cases did not encompass, as the
evidence here necessarily does, the statutory presumption of reasonableness. See
Burrow, 997 S.W.2d at 234-38; Anderson, 808 S.W.2d at 55; Tex. Civ. Prac. & Rem.
Code Ann. § 38.003. 

 2. Challenge to Lack of Supporting Documentation

 Haden and the company also challenge the sufficiency of Sacks's affidavit to
warrant summary judgment, on the grounds that the law firm did not also provide
supporting records such as billing records, depositions, interrogatories, admissions,
affidavits of neutral, third-party attorneys, or other documentary evidentiary support. 
Haden and the company rely on Bakery Equip. & Serv. Co. v. Aztec Equip. Co., 582
S.W.2d 870, 873 (Tex. Civ. App.--San Antonio 1979, no writ); Lindley v. Smith, 524
S.W.2d 520, 524 (Tex. Civ. App.--Corpus Christi 1975, no writ); and Stafford v.
Brennan, 498 S.W.2d 703, 706 (Tex. Civ. App.--Corpus Christi 1973, no writ). We
distinguish these cases because they predate the Andersen v. Perry factors of rule 1.04
of the State Bar Rules. Moreover, none of these cases considers chapter 38's
presumption of reasonableness for unrebutted proof of reasonable fees. See Tex. Civ.
Prac. & Rem. Code Ann. § 38.003. Considering section 38.003 with the lack of
response or controverting proof by Haden and the company, lack of additional,
supporting documentation did not preclude the trial court from considering and relying
on Sacks's affidavit as competent summary judgment evidence. 

 3. Excessiveness Challenge

 Haden and the company contend that this Court "need consider nothing more
than the amount sought" to conclude that the amount requested "creates, at best, a fact
issue." As addressed above, Sacks's affidavit constitutes competent summary
judgment evidence that could have been readily controverted, but was not. Having
failed to controvert the law firm's evidence, Haden and the company cannot overcome
the presumption of reasonableness of section 38.003. See Tex. Civ. Prac. & Rem.
Code Ann. § 38.003. (8) 

 4. Failure to Segregate Fees

 Despite their lack of response to the law firm's motion seeking traditional
summary judgment for attorney's fees, and despite the statutory presumption of
reasonableness stated in section 38.003, see id., Haden and the company challenge the
summary judgment on the grounds that the law firm did not segregate between
recoverable and nonrecoverable fees and that this alleged error mandates reversal. 
Haden and the company base their contention on references to proceedings and
motions in Sacks's affidavit that they contend are not related to the law firm's claims
for breach of contract, which eliminates any attorney's fee compensation under chapter
38.

 Because attorney's fees are recoverable only for authorized claims, a party
seeking attorney's fees must offer proof that segregates between recoverable and
nonrecoverable claims. Solis, 951 S.W.2d at 389; Hruska v. First State Bank, 747
S.W.2d 783, 785 (Tex. 1988); C.M. Asfahl Agency, 135 S.W.3d at 801. Failure to
segregate reasonably recoverable fees from nonrecoverable fees can result in rendition
of a judgment that vacates attorney's fees or severs the fee dispute for remand for trial. 
Sterling, 822 S.W.2d at 11.

 Settled law, however, holds that a party waives any error arising from possibly
awarding nonrecoverable fees when the complaining party does not object to failure
to segregate between legal services for which fees are properly recoverable and those
for which no recovery of fees is authorized. Solis, 951 S.W.2d at 389-90; Hruska, 747
S.W.2d at 785; Aero Energy, Inc. v. Circle C Drilling Co., 699 S.W.2d 821, 823 (Tex.
1985); Matthews v. Candlewood Builders, Inc., 685 S.W.2d 649, 650 (Tex. 1985);
C.M. Asfahl Agency, 135 S.W.3d at 801. By not responding to the law firm's motion
for summary judgment, Haden and the company waived any complaint premised on
failure to segregate nonrecoverable fees. For this reason and also because rule 166a(c)
precludes our addressing issues not presented to the trial court beyond the legal
sufficiency of the motion and properly assertable defects of substance, as addressed
above, we reject Haden's and the law firm's contention that lack of segregation
mandates reversal. See Tex. R. Civ. P. 166a(c); McConnell, 858 S.W.2d at 343; Jones,
846 S.W.2d at 924. 

 We overrule Haden's and the company's first issue. 

Counterclaims for Breach of Fiduciary Duty, Fraud, and DTPA Violations


 In their third issue, Haden and the company contend that the trial court erred by
rendering a take-nothing summary judgment for the law firm on Haden's and the
company's counterclaims to the law firm's suit to collect its unpaid fee invoices. The
trial court rendered this summary judgment before rendering the summary judgment
on the unpaid fees, which we addressed above. (9) Haden's and the company's
counterclaims allege that the law firm (1) breached its fiduciary duty to Haden and the
company, (2) committed fraud, (3) violated the DTPA, and (4) breached the contract
with Haden and the company. The grounds asserted in the law firm's no-evidence
motion for summary judgment on the counterclaims included the law firm's contention
that it was entitled to judgment as a matter of law because Haden and the company had
not incurred any damages on any of their counterclaims. (10) See Tex. R. Civ. P. 166a(i). 

A. No-Evidence Motion for Summary Judgment

 A no-evidence motion for summary judgment is essentially a directed verdict
granted before trial; we review for legal sufficiency. See King Ranch, Inc. v.
Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003); Speck v. First Evangelical Lutheran
Church, 235 S.W.3d 811, 814 (Tex. App.--Houston [1st Dist. 2007, no pet.). As the
party seeking summary judgment in this case, the law firm was required to assert that
no evidence existed as to one or more of the essential elements of Haden's and the
company's counterclaims, on which they would have the burden of proof at trial, and
also to state specifically the element or elements as to which there was no evidence. 
See Johnson v. Brewer and Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002); Mathis,
189 S.W.3d at 844; Flameout Design & Fabrication, Inc., 994 S.W.2d at 834.

 In moving for no-evidence summary judgment, the law firm enumerated each
of Haden's and the company's counterclaims, listed the elements of each counterclaim,
and asserted that Haden and the company had not incurred any damages, a required
element of each of their counterclaims. This showing by the law firm satisfied the
movant's initial burden, as stated in rule 166a(i). See Johnson, 73 S.W.3d at 207;
Mathis, 189 S.W.3d at 844; Flameout Design & Fabrication Inc., 994 S.W.2d at 834. 
Accordingly, the burden shifted to Haden and the company to provide some evidence,
more than a scintilla, that raised a fact issue concerning whether they had incurred
damages for the counterclaims they had asserted against the law firm. See Tex. R.
Civ. P. 166a(i); Rueda v. Paschal, 178 S.W.3d 107, 109 (Tex. App.--Houston [1st
Dist.] 2005, no pet.); Mathis, 189 S.W.3d at 844. The burden having shifted to Haden
and the company, the trial court had a mandatory duty, pursuant to rule 166a(I), to
grant the law firm's no-evidence motion for summary judgment unless Haden and the
company responded to that motion by producing more than a scintilla of evidence that
raised a genuine issue of material fact on the challenged damages elements. See Tex.
R. Civ. P. 166a(I); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002);
Rueda v. Paschal, 178 S.W.3d at 109.

 We will affirm a no-evidence summary judgment when (1) there is a complete
absence of evidence of a vital fact, (2) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact, (3) the
evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence
conclusively establishes the opposite of a vital fact. City of Keller v. Wilson, 168
S.W.3d at 810, 823; King Ranch, 118 S.W.3d at 751; Mathis, 189 S.W.3d at 844. We
review any evidence presented by Haden and the company, as nonmovants, in the light
that favors them, as nonmovants. See Johnson, 73 S.W.3d at 208; Rueda, 178 S.W.3d
at 109. If the summary judgment record shows that Haden and the company presented
more than a scintilla of probative evidence that raised a genuine issue of material fact
on the challenged element, then the trial court erred by rendering the no-evidence
summary judgment and we must reverse. See Rueda, 178 S.W.3d at 109. 

B. Challenge to Damages Element for Each of the Counterclaims

 Haden and the company asserted the following counterclaims against the law
firm: DTPA violations, fraud, breach of fiduciary duty, and breach of contract. The
law firm filed a no-evidence motion for summary judgment, contending that there was
no evidence of damages for any of the counterclaims. 

 In response to the motion for summary judgment, Haden and the company
claimed they were damaged in two ways. They claimed first that they were damaged
by the charge of excessive fees that exceeded the amount that they had agreed to pay
pursuant to the fee agreement, because Sacks allowed his associates to perform the
work rather than doing it himself. Haden and the company then argued that they
suffered damages because they incurred legal fees to defend against the lawsuit filed
by Sacks for the unpaid fee invoices. (11) The summary judgment evidence provided by
Haden and the company includes Haden's affidavit, (12) the correspondence between
Sacks and Haden that formed the written agreement here, and copies of invoices
showing that Sacks worked 28 hours at $5,600, another attorney worked 37 hours at
$6,475, and another attorney worked 161.75 hours at $24,262.50.

 In response, the law firm contended that "Haden improperly attempts to label
his possible legal fees in defending this suit on a sworn account as 'damages.'" Sacks
also argued that, because Haden acknowledged having agreed to pay at least the
$10,000 he paid and thus could not have been damaged merely because he was billed
an additional amount. 

C. Analysis

 We conclude that Haden and the company failed to produce more than a
scintilla of evidence of damages for any of their counterclaims. 

 1. DTPA Violations, Fraud, and Breach of Fiduciary Duty

 To establish a claim for violations of the DTPA, a plaintiff must show that he
sustained damages. See Tex. Bus. & Com. Code Ann. § 17.50(a) (Vernon 2002)
(requiring that defendant's act constitute producing cause of economic or mental
anguish); Latham v. Castillo, 972 S.W.2d 66, 69 (Tex. 1998) (stating elements of
claim for unconscionable conduct recovery under DTPA, including damages pursuant
to section 17.50(a)(3)). In a DTPA claim, "[w]ithout an actual-damages recovery, a
party is not entitled to an attorney's fee recovery." Gulf States Util. v. Low, 79 S.W.3d
561, 567 (Tex. 2002). 

 To establish a claim for fraud, the proof must establish "a material
misrepresentation, which was false, and which was either known to be false when
made or was asserted without knowledge of the truth, which was intended to be acted
upon, which was relied upon, and which caused injury." DeSantis v. Wackenhut
Corp., 793 S.W.2d 670, 688 (Tex. 1990). "Attorney's fees are not recoverable as
actual damages in fraud cases." Hennigan v. Harris County, 593 S.W.2d 380, 385
(Tex. App.--Waco 1979, writ ref'd n.r.e.); see Kilgore Fed. Sav. & Loan Ass'n v.
Donnelly, 624 S.W.2d 933, 938 (Tex. App.--Tyler 1981, writ ref'd n.r.e.); Kneip v.
UnitedBank-Victoria, 774 S.W.2d 757, 759 (Tex. App.--Corpus Christi 1989, no
writ); Town E. Ford Sales, Inc. v. Gray, 730 S.W.2d 796, 812 (Tex. App.--Dallas
1987, no writ). 

 To recover for breach of fiduciary duty, the evidence must prove "the existence
of a fiduciary duty, breach of the duty, causation, and damages." Abetter Trucking
Co. v. Arizpe, 113 S.W.3d 503, 508 (Tex. App.--Houston [1st Dist.] 2003, no pet.). 
A client who sues his attorney for breach of fiduciary duty "need not prove actual
damages in order to obtain forfeiture of an attorney's fees for the attorney's breach of
fiduciary duty to the client." Burrow v. Arce, 997 S.W.2d 229, 240 (Tex. 1999). 
Although a client may seek forfeiture of fees paid as damages for an attorney's breach
of his fiduciary duty, Haden and the company did not assert this type of damages in
their pleadings or in their response to the motion for summary judgment. (13) See id. Haden and the company's counterclaims are premised on the following alleged
conduct:


 Sacks induced Haden to hire the law firm by telling Haden that he must
have an experienced, board-certified appellate lawyer like Sacks and
representing that he would personally write the appellate brief instead of
an associate,




 Sacks turned the file over to inexperienced attorneys, who
performed the vast majority of the legal services,


 


 Sacks misrepresented the cost involved in assisting with the
writing of the brief with the intent to charge more than four times
the amount originally represented, 

 Sacks understood that Haden could not afford to pay more than
$5,000 and would not pay more than $10,000, 



  Sacks failed to warn that the fees he was incurring to prepare the
appellate brief were exceeding the agreed amounts, 

 

  Sacks misrepresented the services he would render by agreeing to
put "an edge" on the brief and instead completely rewrote it. 

 

 It is undisputed that Haden and the company formed an agreement with Sacks
for legal services and that Haden agreed to pay and did pay at least $10,000 for the
legal services. In addition, Haden and the company expressly stated in their response
to the motion for summary judgment that they were not complaining of "legal
malpractice" or "the quality of the work." (14) Their contentions are premised instead on
whether Haden and the company sustained damages by the law firm's charging more
for legal services than Haden and the company believe they were obligated to pay
under the fee agreement. Even if we assume that Haden and the company were billed
more than they agreed to pay, they have never asserted a claim for reimbursement of
the $10,000 already paid to the law firm. Haden and the company have not shown,
therefore, how they were damaged by invoices that charged in excess of the $10,000
that they acknowledge was due to the law firm. 

 Haden and the company also claim that were damaged because Sacks told
Haden that he would perform the legal services himself, but instead delegated most of
the work to associates. They contend that Sacks's misrepresentation--that he would
perform the work himself--resulted in damages because the inexperienced associates
took more time to perform the work than Sacks would have taken, had he performed
the work himself, and the bill was, therefore, higher than it should have been. Haden
stated in his affidavit, "It was clear to me that the size of the bill was directly related
to the inexperience of the attorney doing most of the work." Haden did not explain
this statement, however, and provided no evidence to support his perception. 

 It is undisputed that the associates' time was billed at a lower rate than Sacks. 
Yet, even if we assume that Haden is correct that it took more time for the
inexperienced attorney to perform the task that Sacks had taken, Haden and the
company presented no evidence in the trial court to establish how long it would take
an experienced attorney to perform the task in comparison to the time that an associate
would take. Though a more experienced attorney could arguably perform the task
more quickly, that attorney's higher billing rate could also result in a higher charge
than for work done by an associate who took more time to complete the task at a lower
rate. Having provided no evidence, however, Haden's and the company's contentions
did not give rise to any triable issues of fact that Sacks's failure to perform the work
himself resulted in damages. 

 In sum, the record establishes that the damages alleged by Haden and the
company consist solely of claims for legal fees that they incurred in defending against
the lawsuit filed by Sacks for the unpaid fee invoices. As well-settled law recognizes,
however, attorney's fees incurred to defend a lawsuit filed by another are not
recoverable. See Tana Oil & Gas Corp. v. McCall, 104 S.W.3d 80, 82 (Tex. 2003)
(rejecting damages described solely in terms of "value of time spent" and "costs
incurred" in defending lawsuit as nonrecoverable, even if party seeking such damages
could have proven all other elements of claim for tortious interference); cf., Holland
v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 95 (Tex. 1999) (reiterating settled law
proscribing award of attorneys' fees without statutory or contractual authority). 

 We conclude that Haden and the Company are not entitled to recover attorney's
fees for their claims of DTPA violations and fraud because there is no showing of an
actual-damages recovery. See Gulf States Util., 79 S.W.3d at 567 (DTPA); Hennigan,
593 S.W.2d at 385 (fraud); Town East Ford Sales, Inc., 730 S.W.2d at 812 (fraud). 
We further conclude that Haden and the company are not entitled to attorney's fees
recovery in their claim for breach of fiduciary duty because they did not seek forfeiture
of the attorney's fees paid to the law firm as damages or establish any other type of
compensable damages for that claim. See Burrow, 997 S.W.2d at 240. 

 We therefore hold that Haden and the company offered no evidence that they
sustained damages and, therefore, that the trial court properly rendered the no-evidence summary judgment in favor of the law firm on Haden's and the company's
counterclaims for DTPA violations, fraud, and breach of fiduciary duty. 

 2. Breach of Contract

 "The elements of a breach of contract claim are: (1) the existence of a valid
contract; (2) performance or tendered performance by the plaintiff; (3) breach of the
contract by the defendant; and (4) damages to the plaintiff resulting from that breach."
Wright v. Christian & Smith, 950 S.W.2d 411, 412 (Tex. App.--Houston [1st Dist.]
1997, no writ). A party may recover attorney's fees in a breach of contract claim
without an agreement providing for them if the party claiming the fees (1) prevails on
its breach of contract claim and (2) recovers damages. See Tex. Civ. Prac. & Rem.
Code Ann. § 38.002; Solis, 951 S.W.2d at 390. Haden and the company provided no
summary-judgment evidence showing that they could recover the damages they have
asserted for breach of contract. (15) 

 Haden asserted that: 

 . . . it is undisputed that David Sacks performed some
services for HADEN. However, HADEN agreed to hire a
board certified, appellate specialist with 12 years[']
experience to handle his appeal--not inexperienced
associates with fewer than 2 years of experience between
them. HADEN would never have hired SACKS to
represent him had he known that nearly 90% of the work on
this appeal would be done by lawyers whose inexperience
would result in their requiring nearly 200 hours to complete
the work. HADEN did not agree to pay a fee which would
support this many hours of work nor did he agree to provide
an opportunity for new appellate lawyers to learn their
trade. HADEN believed he was hiring David J. Sacks,
Board Certified Appellate Specialist to do most, if not all,
of the work on his appeal for a certain fee.


(All emphasis in original.)

 The law firm contends that, because the agreement plainly provides that
different lawyers in the law firm would provide legal services to Haden and the
company, no breach of contract occurred. The law firm further contends that Haden's
affidavit "constitutes no evidence and cannot be considered" because "Haden cannot
introduce this parol evidence to vary the terms of the contract between the Law Firm
and Haden." The supreme court has approved this reasoning in reinstating the
summary judgment rendered on the law firm's breach-of-contract claim. See Sacks,
266 S.W.3d at 451. We therefore reject Haden's and the company reliance on Haden's
affidavit to create a triable issue of fact to support a claim for breach of contract by
him and the company by varying the terms of their fee agreement with the law firm. 
See id.; Messer v. Johnson, 422 S.W.2d 908, 912 (Tex. 1968); Gonzalez v. United
Bros. of Carpenters & Joiners of Am., 93 S.W.3d 208, 211 (Tex. App.--Houston [14th
Dist.] 2002, no pet.); Litton v. Hanley, 823 S.W.2d 428, 430 (Tex. App.--Houston [1st
Dist.] 1992, no writ). This fee agreement provided that Sacks and his associates would
work on the appellate brief for Haden and the company at specified rates. We
conclude that Haden and the company have not produced any evidence that they were
damaged by the fees charged by the law firm, which comported with the terms of that
written agreement. 

 We hold that the only evidence that Haden and the company offered in response
to the law firm's motion for no-evidence summary judgment negated any recovery for
their counterclaims and was, therefore, no evidence that they incurred any damages
on their counterclaims. See City of Keller, 168 S.W.3d at 823; King Ranch, 118
S.W.3d at 751; Mathis, 189 S.W.3d at 844. The trial court thus properly granted the
law firm's motion for summary judgment pursuant to rule 166a(i).

 We overrule issue three. 

Conclusion


 We affirm the judgment of the trial court. 

 



 


 Sherry Radack

 Chief Justice



Panel consists of Chief Justice Radack and Justices Higley and Nuchia. (16)
1. The supreme court held that the parol evidence rule barred Haden's and the
company's evidence of an oral agreement to cap fees. David J. Sacks, P.C. v. Haden,
266 S.W.3d 447, 451 (Tex. 2008) (per curiam). This disposition effectively reinstated
the interlocutory summary judgment rendered in favor of the law firm in the amount
of $30,314.38 plus interest. The $30,314.38 amount represents the attorney's fees
owed to the law firm under its fee agreement with Haden and the company. 
2. Tex. Bus. & Com. Code Ann. § 17.41-.854 (Vernon 2002 & Supp. 2008).
3. Haden and the company then sought to recuse the trial court, but did not succeed. 
This ruling has not been challenged on appeal.
4. Haden's and the company's issue does not directly challenge the $45,000 in fees
awarded contingently in the event of an appeal.
5. Chapter 38 further provides that the trial court "may take judicial notice of the usual
and customary attorney's fees and of the contents of the file of the case file without
receiving further evidence in . . . a proceeding before the court," as occurred here. 
Tex. Civ. Prac. & Rem. Code Ann. § 38.004. In addition, section 38.005 compels
that chapter 38 "shall be liberally construed to promote its underlying purposes." 
Tex. Civ. Prac. & Rem. Code Ann. § 38.005. The record, however, does not suggest 
that either statute affected the trial court's reasoning in rendering summary judgment. 
Accordingly, our analysis may not encompass these additional statutory provisions.
See Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by
written motion, answer or other response shall not be considered on appeal as grounds
for reversal.").
6. Rule 1.04(a) prohibits illegal or unconscionable fees and states that a fee is
unconscionable if "a competent lawyer could not form a reasonable belief that the fee
is reasonable." Tex. Disciplinary R. Prof. Conduct 1.04(a), reprinted in Tex.
Gov't Code Ann. tit. 2, subtit. G app. (State Bar Rules, art. X, § 9). The list of
non-exclusive suggested factors in rule 1.04(b) includes:


 (1) the time and labor required, the novelty and difficulty of the questions
involved, and the skill required to perform the legal service properly;

 (2) the likelihood . . . that the acceptance of the particular employment will
preclude other employment by the lawyer;

 (3) the fee customarily charged in the locality for similar legal services;

 (4) the amount involved and the results obtained;

 (5) the time limitations imposed by the client or by the circumstances;

 (6) the nature and length of the professional relationship with the client;

 (7) the experience, reputation, and ability of the lawyer or lawyers
performing the services; and

 (8) whether the fee is fixed or contingent on results obtained or uncertainty
of collection before the legal services have been rendered.


 Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex.
1997) (quoting Tex. Disciplinary R. Prof. Conduct 1.04, reprinted in Tex.
Gov't Code Ann. tit. 2, subtit. G app. (State Bar Rules, art. X, § 9)).
7. At oral submission of this case, counsel for Haden and the company directed us to two
recent opinions of the Supreme Court of Texas, each of which resulted in judgments
of remand for a new trial to determine the amount of attorney's fees. See Young v.
Qualls, 223 S.W.3d 312 (Tex. 2007); Barker v. Eckman, 213 S.W.3d 306 (Tex. 2006).
Both cases were appeals from trials on the merits, as opposed to appeals from a
summary judgment, as here. More importantly, though each addressed disparity
between the damages awarded and the attorney's fees awarded, the disparity arose
from the appellate court's having suggested a remittitur of damages award on which
the award of attorney's fees was based. See Young, 223 S.W.3d at 314; Barker, 213
S.W.3d at 314. There is no possibility of remittitur here because the $30,314.38
damages awarded by the trial court derives from the summary judgment rendered in
favor of the law firm, which the supreme has recently affirmed. See Sacks, 266
S.W.3d at 450.
8. We also distinguish Rasmusson v. LBC PetrUnited, Inc., 124 S.W.3d 283 (Tex.
App.--Houston [14th Dist.] 2003, pet. denied), on which Haden and the company
relied in postsubmission briefing, and in which our sister court initially reversed a
judgment that awarded a specific amount of costs on the grounds that the affidavit
provided by counsel stated only conclusorily that "reasonable costs of $403.71 have
been incurred . . . ," but provided no other supporting evidence. Id. at 288; see also
id. at 289 (affirming judgment upon voluntary remittitur of costs). In the case before
us, the law firm did not request a specific award of costs in seeking summary
judgment, Sacks's affidavit does not specify an amount of costs, and the final
judgment does not award a specific amount of costs. Moreover, Rasmusson was not
decided pursuant to chapter 38 of the Civil Practice and Remedies Code. 
9. Because the trial court rendered the summary judgment on the counterclaims early in
the case, the judgment was interlocutory until it became merged with the final
judgment from which Haden and the company appeal. See City of Houston v. Socony
Mobil Oil Co., 421 S.W.2d 427, 430 (Tex. Civ. App.--Houston [1st Dist.] 1967, writ
ref'd n.r.e.). 
10. The law firm's motion also included a traditional motion for summary judgment on
Haden's and the company's counterclaims. See Tex. R. Civ. P. 166a(c).
11. Haden and the company stated, as follows:


 HADEN has been damaged. HADEN has been sued under a contract which
he did not make, has been forced to hire an attorney to defend him in that
lawsuit, and may have to pay excess fees incurred when SACKS did not do the
work but shuffled it off to an inexperienced, unprepared associate with less
than three months experience who spent an inordinate amount of time on the
project. As a result, the fees over which this lawsuit was filed are higher than
the amount of money provided in the contract between the parties. It is
difficult to imagine that such a project would require the same amount of time
by an attorney with twelve years['] experience as it would with three months[']
experience. 

 

(Italicized emphasis added; uppercase emphasis in original). 
12. The affidavit by Haden states, as follows:


 . . . Based on Mr. Sacks representative [sic] as an appellate expert, I
hired Mr. Sacks to put an edge on my trial lawyer's brief. At the outset
of the engagement, I indicated that all I could pay was $5,000 for the
work he proposed[,] and he said it could be as high as $10,000. 
Believing I was obtaining the services of an experienced appellate
expert, I agreed to have Mr. Sacks do the work.


 Initially, Mr. Sacks asked me to pay $10,000 to him and he who [sic]
would bill his charges against the deposit. After discussing why all I
was willing to pay him was $5,000, Mr. Sacks and I agreed that I could
give him $5,000 to assist in the writing of the brief. At no time, or
under any circumstances, did I agree to pay Mr. Sacks more than
$10,000 for the work he proposed to do for me.


 On or about September 15, 1997, I received a statement from Mr. Sacks which
indicated an outstanding balance of more than $37,000. Mr. Sacks never
contacted me prior to my receiving the bill to say that the project was going to
be more expensive than we originally believed or to indicate that he would be
unable to do a substantial portion of the work on the brief himself. When I
reviewed the bill I was surprised to discover that the vast majority of the work
on the brief had been done, not by Mr. Sacks, but by two other attorneys in his
firm. I subsequently learned that they were young associates with fewer than
two years['] experience between them.


 Further perusal of the bill revealed that one of the attorneys had billed
161.75 hours to my case and Sacks had only billed 28 hours. I learned
that Kathleen Peterson nee'[sic] Hoekstra had only been practicing
three months when working on my appeal. It was clear to me that the
size of the bill was directly related to the inexperience of the attorney
doing most of the work.
13. For the first time on appeal, Haden and the company assert fee forfeiture as a ground
for damages on the breach of fiduciary duty claim. We may not address this
contention because it was never presented to the trial court. See Tex. R. Civ. P.
166a(c).
14. For the first time on appeal, Haden and the company contend that if Sacks had
performed the work himself rather than giving the work to associates, the odds of
obtaining a reversal and retrial would have significantly increased. Haden and the
company did not present that argument to the trial court in support of their claim for
damages and presented no summary judgment evidence to support the argument. 
15. As the preceding analysis demonstrates, Haden and the company did not prevail. 
When the trial court rendered summary judgment on their counterclaims, however,
the summary judgment was interlocutory and not yet final. Because the trial court had
not yet determined who would ultimately prevail, it could not have rendered summary
judgment on the ground that Haden and the company did not prevail. 
16. Justice Sam Nuchia, who retired from the First Court of Appeals on January 1, 2009,
continues to sit by assignment for the disposition of this case, which was submitted
on December 16, 2008.