**Robert RASMUSSON, Appellant,**

v.

**LBC PETROUNITED, INC., Appellee.**

No. 14–02–01053–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 25, 2003.

Supplemental Opinion Dec. 23, 2003.

Kent M. Hanszen, Houston, for appellant.

Tracy C. Temple, Thomas M. Melo, Houston, for appellee.

Panel consists of Justices EDELMAN, FROST, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

In this employment dispute, Robert Rasmusson appeals a judgment in favor of LBC PetroUnited, Inc. ("LBC") on the ground that the trial court erroneously awarded LBC attorney's fees. We affirm in part and reverse and remand in part.

### Background

Rasmusson filed suit against LBC, his former employer, alleging fraud and breach of contract. LBC filed a counterclaim seeking specific performance of the arbitration provision of the parties' severance agreement (the "agreement") and re-

covery of the attorney's fees and costs expended to compel arbitration. LBC then moved to compel arbitration, the trial court granted LBC's motion, and the resulting arbitration award denied Rasmusson's claims and referred the issue of attorney's fees and costs to compel arbitration back to the trial court. Rasmusson subsequently nonsuited the claims he had originally filed in the trial court, and LBC filed a motion for judgment (the "motion") on its claim for attorney's fees and costs. On September 6, 2002, the trial court signed a final judgment (the September judgment) awarding LBC those fees and costs.

## Timeliness of Appeal

■ As a preliminary matter, LBC claims that Rasmusson's appeal should be dismissed because it was untimely. LBC contends that a February 19, 2002 order (the "February order"), granting LBC attorney's fees and costs, was a final judgment because it disposed of the only claim then remaining in the case and thus rendered Rasmusson's appeal, filed after the September judgment, untimely.

■ In a case, such as this, where only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of appeal only if it either actually disposes of all claims and parties then

before the court, or states with unmistakable clarity that it is a final judgment as to all claims and parties (even if it is not). *Guajardo v. Conwell,* 46 S.W.3d 862, 863–64 (Tex.2001); *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 192–3, 200 (Tex. 2001). Appellate timetables run from the date an order granting a nonsuit is signed, rather than the date a nonsuit is filed. *In re Bennett,* 960 S.W.2d 35, 38 (Tex.1997).

In this case, the record does not contain a signed order that had granted Rasmusson's motion for nonsuit at the time the February order was entered. Therefore, the record does not reflect that the February order actually disposed of all the claims remaining at that time. Nor did the February order contain language purporting to dispose of all remaining claims and parties or otherwise unequivocally express an intent to finally dispose of the case.[1] Therefore, it was not a final order that began the time period in which Rasmusson's appeal had to be filed and caused his appeal to be untimely.

## Standard of Review

Although the motion does not contain the term, "summary judgment," it states that it was filed pursuant to Texas Rule of Civil Procedure 166a, which describes the procedure and requirements for summary judgment motions. Similarly, although

1. The entire body of the February order stated:

> Having considered all of the pleadings and the evidence in this case, this Court finds that [LBC's] Motion for Judgment on Fees and Costs is GRANTED.
> It is ordered that LBC is entitled to the sum of $16,707.50 in attorneys' fees and $403.71 in costs for a total of $17,111.21.

By contrast, the September judgment is not only entitled "Final Judgment" but contains language unequivocally expressing an intent to finally dispose of the only remaining claim in the case (even though an order

granting Rasmusson's nonsuit was apparently never entered):

> This case came before the Court for final adjudication.... On September 24, 2001, [Rasmusson] non-suited its [sic] own claims leaving [LBC's] counter-claim the only remaining claim at issue in the case.
> ＊ ＊ ＊ ＊
> It is therefore,
> ＊ ＊ ＊ ＊
> ORDERED, ADJUDGED AND DECREED that this is a Final Judgment and that all relief sought in this case which is not specifically granted is hereby denied.

the statement of facts in Rasmusson's brief states that the September judgment was entered without a motion for summary judgment, the brief not only does not dispute that the motion was filed in accordance with Rule 166a, it recites the summary judgment standard of review as being applicable to the case. We will follow the same approach.

A traditional motion for summary judgment may be granted if the motion and summary judgment evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or response. TEX.R. CIV. P. 166a. In reviewing a traditional summary judgment, we take all evidence favorable to the nonmovant as true and resolve every doubt, and indulge every reasonable inference, in the nonmovant's favor. *Tex. Commerce Bank, N.A. v. Grizzle*, 96 S.W.3d 240, 252 (Tex.2002).

### Award of Attorney's Fees and Costs

Rasmusson's sole point of error challenges the trial court's award of attorney's fees and costs to LBC on the grounds that: (1) the law does not allow recovery of attorney's fees incurred in compelling arbitration; (2) the agreement unambiguously provides that each party will bear its own attorney's fees incurred in any agreement dispute; (3) LBC failed to prove any contract damages supporting an attorney's fees award; (4) LBC waived its claim for attorney's fees when it failed to present its breach of contract claim to the arbitrator, asking instead for fees incurred merely to compel arbitration; (5) the attorney's fees awarded were unreasonable and unnecessary; (6) LBC's breach of contract claim

was never adjudicated, and Rasmusson never got his day in court to assert his defenses to it; and (7) LBC failed to provide any evidence in support of the costs awarded.

■ In support of his first argument, Rasmusson contends that section 171.092 of the Texas Civil Practice and Remedies Code ("CPRC") disallows recovery of attorney's fees for compelling arbitration. However, that section pertains to a judgment confirming, modifying, or correcting an award, not an order compelling arbitration, as in this case. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.092(a) (Vernon Supp. 2004).[2] Therefore, Rasmusson has not demonstrated that the law precludes a recovery of attorney's fees in this case.

■ In support of his second argument, Rasmusson argues that the award of attorney's fees and costs directly contradicts the plain language of the agreement, which requires each party to bear his or its own costs incurred in any dispute arising from the agreement:

> Any disputes arising under or in connection with this Agreement shall be resolved by arbitration to be held in Houston, Texas in accordance with the rules and procedures of the American Arbitration Association. All arbitration fees shall be borne equally by [the parties] and [each shall be] responsible for any attorneys' fees or other expenses incurred by either [of them].

(the "arbitration provision"). On the contrary, this provision applies only to fees and expenses incurred in resolving disputes by arbitration, *i.e.*, in accordance with the agreement, not to costs necessitated by a party's opposition to resolving

---

**2.** Nor are we at liberty to extrapolate the effect of this statute to circumstances outside its scope. *See City of Garland v. Dallas Morning News,* 22 S.W.3d 351, 358 (Tex.2000) (noting that courts are not responsible for omissions in legislation, but must take statutes as they find them).

disputes by arbitration, in contravention of the agreement. Therefore, Rasmusson has not demonstrated that the award of attorney's fees and costs is inconsistent with the agreement.

■ Rasmusson next contends that attorney's fees could not be recovered by LBC under section 38.001(8) of the CPRC because LBC recovered no other monetary contract damages besides the attorney's fees and associated costs. *See* Tex. Civ. Prac. & Rem.Code Ann. § 38.001(8) (Vernon 1997) (allowing recovery of attorney's fees "in addition to the amount of a valid claim" for breach of contract). However, a "valid claim" for this purpose is not limited to one for monetary damages [3] and may include a claim for specific performance. *See Jones v. Kelley,* 614 S.W.2d 95, 96, 100–01 (Tex.1981) (reforming judgment to award attorney's fees, in accordance with jury verdict, under predecessor statute to section 38.001 in suit for specific performance of earnest money contract for sale of real estate). Because LBC sought attorney's fees in addition to its claim for specific performance of the arbitration provision of the agreement, its failure to recover other money damages did not preclude the award of attorney's fees.

Rasmusson next contends that LBC waived asserting its claim for attorney's fees *as a claim for breach of contract* by instead presenting it to the arbitrator as merely a claim for fees to compel arbitration.[4] The only portion of our record that reflects how LBC's attorney's fee claim was presented to the arbitrator is the following exchange:

ARBITRATOR: And [LBC] is seeking attorney's fees that it incurred in going to court and compelling arbitration pursuant to the arbitration clause of the [agreement].... Is that correct?

[LBC'S COUNSEL]: Correct.

The arbitration award similarly states:

[LBC] seeks $16,707.50 in attorney's fees and $403.71 in court costs,[5] both of which were incurred when compelling arbitration in this matter. However, pursuant to the District Court's order compelling arbitration, and its subsequent abatement pending the arbitration outcome, it appears that the merits of the case are to be determined by the Arbitrator while the award of attorney's fees and costs to compel arbitration should be determined by the District Court. Therefore, the Arbitrator refers the matter of attorney's fees and costs to the District Court for adjudication.

\* \* \* \*

The cost of arbitration is to be shared equally by the parties. The issue of attorney's fees incurred in court to compel arbitration is reserved for the District Court.

All other relief not expressly granted is denied.

(paragraph numbers omitted). While it is not clear on what basis the arbitrator was distinguishing the "merits of the case" from the award of attorney's fees, we cannot say from this record that LBC presented its claim for attorney's fees to the arbitrator as something other than a

---

3. *Butler v. Arrow Mirror & Glass, Inc.,* 51 S.W.3d 787, 796 (Tex.App.-Houston [1st Dist.] 2001, no pet.).

4. However, neither party has cited a basis to recover attorney's fees to compel arbitration other than under section 38.001 of the CPRC.

5. The record does not reflect whether these costs were actually taxable court costs.

breach of contract claim and thereby waived its claim as such.[6]

Rasmusson next contends that the amount of attorney's fees sought and recovered by LBC was unreasonable and unnecessary for preparing and arguing a three-page motion to compel arbitration at a fifteen-minute hearing. However, because Rasmusson filed neither a cross-motion for summary judgment[7] nor summary judgment evidence controverting that supporting LBC's motion on this issue,[8] we can neither render judgment in Rasmusson's favor nor conclude that a fact issue was raised on the reasonableness and necessity of the amount of attorney's fees awarded.

Rasmusson next argues that LBC never had its breach of contract claim formally adjudicated by the arbitrator or trial court and, accordingly, Rasmusson never got his day in court on his defenses to those claims. However, the motion plainly referred to the arbitration provision and argued that Rasmusson's filing of suit rather than submitting the dispute to arbitration was a breach of the agreement as a matter of law, causing LBC to incur expense in filing its motion to compel arbitration, as described in the attached affidavit of LBC's attorney. Rasmusson filed a response to the motion (the "response") in which he argued that: (1) LBC waived the claim by failing to ask the arbitrator to rule on whether Rasmusson had breached the contract; (2) LBC's request for relief from the court essentially sought to modify or vacate the arbitrator's award without satisfying the requisites for doing so; and (3) he disputed the reasonableness and necessity of the fees (but without supporting summary judgment evidence). Under these circumstances, it is not apparent how LBC's breach of contract claim was not formally adjudicated by summary judgment in its motion, Rasmusson's response, and the September judgment.

Rasmusson lastly asserts that the trial court erred in awarding costs against him because LBC failed to provide any evidence of those costs.[9] The only summary judgment evidence LBC provided regarding costs was a single sentence in its attorney's affidavit: "Further, reasonable costs of $403.71 have been incurred in performing the tasks cited above [to com-

---

6. Rasmusson's brief states that the issue presented in this case is whether the trial court had authority to award attorney's fees. However, to the extent the claim for attorney's fees was within the scope of the arbitration provision, Rasmusson's brief does not challenge the authority of the arbitrator to refer it back to the trial court or the trial court's authority to decide the issue based on that referral.

7. See, e.g., Dow Chem. Co. v. Bright, 89 S.W.3d 602, 605 (Tex.2002) (reiterating that when both sides have moved for summary judgment, and one motion is granted and the other denied, the appeals court determines all questions presented and renders the judgment the trial court should have rendered).

8. See, e.g., Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex.1995) (reiterating that once a movant produces evidence sufficient to establish a right to summary judgment, the nonmovant must present evidence sufficient to raise a fact issue).

9. LBC contends that Rasmusson waived this complaint by failing to raise it in his response and that a trial court's award of attorney's fees and costs is reviewed for abuse of discretion. However, a nonmovant need not respond to a motion for summary judgment to contend on appeal that the movant's summary judgment proof is insufficient as a matter of law to support summary judgment. M.D. Anderson Hosp. and Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex.2000). Similarly, to whatever extent an award of attorney's fees and costs is reviewable for abuse of discretion in other contexts, LBC has not cited, and we have not found, any authority for doing so where such an award has been rendered by summary judgment.

pel arbitration]." Because there is no indication of what these costs consisted of, there is no basis to establish whether they were reasonable or necessary other than the conclusory statement of the attorney, which is insufficient to support a summary judgment.[10] Therefore, we sustain Rasmusson's challenge to the sufficiency of the evidence to support the trial court's award of costs to LBC, reverse the portion of the judgment making that award, remand that issue to the trial court for further proceedings, and affirm the remainder of the judgment.

## SUPPLEMENTAL OPINION

Following the issuance of our original opinion, reversing the costs awarded by the trial court's judgment, appellee, LBC PetroUnited, Inc., timely filed a voluntary remittitur of those costs. *See* TEX.R.APP. P. 46.5. We conclude that LBC's voluntary remittitur cures the reversible error and accept it. Accordingly, we reform the judgment to remove the award of costs and affirm the judgment in accordance with the remittitur. *See id.*

---

**10.** *See Earle v. Ratliff,* 998 S.W.2d 882, 890 (Tex.1999) (reversing summary judgment because expert's affidavit, stating that defendant met the applicable standard of care, did not explain its basis to link that conclusion to the facts or explain why the procedure was medically warranted); *Burrow v. Arce,* 997 S.W.2d 229, 235 (Tex.1999) (reiterating that conclusory statements made by an expert witness are insufficient to support summary judgment).