Charles McIntyre HADEN, Jr., Individually, and Charles McIntyre Haden, Jr. & Company d/b/a Haden & Company, Appellants,

v.

DAVID J. SACKS, P.C. d/b/a Sacks & Associates, Appellee.

No. 01–01–00200–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 7, 2009.

Rehearing En Banc Overruled Sept. 11, 2009.

Brian D. Womac, Womac & Associates, Richard N. Countiss, Countiss Law Firm, Houston, TX, for Appellant.

David J. Sacks, Sacks Law Firm, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices HIGLEY and NUCHIA.*

### OPINION ON REMAND

SHERRY RADACK, Chief Justice.

This appeal is before us on remand from the Supreme Court of Texas. *David J.*

---

* Justice Sam Nuchia, who retired from the First Court of Appeals on January 1, 2009, continues to sit by assignment for the disposition of this case, which was submitted on December 16, 2008.

*Sacks P.C. v. Haden,* 266 S.W.3d 447 (Tex. 2008) (per curiam). Having reinstated the summary judgment rendered in favor of appellee, David J. Sacks, P.C. (Sacks) d/b/a Sacks & Associates (collectively referred to as the law firm) on the law firm's claim for breach of the attorney's fee agreement between the law firm and its client, appellants, Charles M. Haden, Jr., individually (Haden), and Charles McIntyre Haden, Jr. & Company d/b/a Haden & Company (the company), the supreme court has instructed this Court to address the company's remaining issues.[1] In these issues, Haden and the company challenge the final judgment rendered in favor of the law firm (1) for $120,887.50 in attorney's fees in connection with pursuing the breach of contract claim and (2) on the company's counterclaims for violations of the Deceptive Trade Practices and Consumer Protection Act (DTPA),[2] breach of fiduciary duty, breach of contract, and fraud. We affirm.

## Procedural Background

The law firm's live pleadings asserted claims for (1) a "suit on sworn account" by claiming that the company accepted the services and became bound to pay the law firm on an open account, *see* TEX.R. CIV. P. 185, (2) breach of contract, (3) quantum meruit, and (4) DTPA violations for counterclaims later filed against the law firm. The company answered the petition and asserted its own counterclaims against the law firm for fraud, DTPA violations, unconscionable course of action, breach of contract, and breach of fiduciary duty.

The law firm sought traditional and no-evidence summary judgment on the company's counterclaims. The company's response to the motion for summary judgment included a challenge to the affidavit by Sacks that had been attached to the law firm's motion. The company also offered Haden's affidavit and other evidentiary exhibits. In addition to responding on the merits, the law firm's reply included an amended, extensively detailed affidavit executed by Sacks.

On May 11, 2000, the trial court rendered a take-nothing summary judgment in favor of the law firm on the company's counterclaims for unconscionable action, fraud, and violations of the DTPA. On June 5, 2000, the trial court rendered a take-nothing summary judgment on the company's counterclaims for breach of fiduciary duty and breach of contract.[3]

The law firm also sought traditional and no-evidence summary judgment for its breach of contract claim by asserting its right to judgment as a matter of law for unpaid attorney's fees amounting to $30,314.38, pursuant to section 38.001 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001–.006 (Vernon 2008). The trial court rendered an interlocutory summary judgment in favor of the law firm on its breach-of-contract claims for $30,314.38, plus interest. The trial court also ruled that the law firm was entitled to attorney's fees expended in pursuing the contract claim, but

1. The supreme court held that the parol evidence rule barred Haden's and the company's evidence of an oral agreement to cap fees. *David J. Sacks, P.C. v. Haden,* 266 S.W.3d 447, 451 (Tex.2008) (per curiam). This disposition effectively reinstated the interlocutory summary judgment rendered in favor of the law firm in the amount of $30,314.38 plus interest. The $30,314.38 amount represents the attorney's fees owed to the law firm under its fee agreement with Haden and the company.

2. TEX. BUS. & COM.CODE ANN. § 17.41–.854 (Vernon 2002 & Supp. 2008).

3. Haden and the company then sought to recuse the trial court, but did not succeed. This ruling has not been challenged on appeal.

reserved ruling on the amount of reasonable attorney's fees. The supreme court affirmed this portion of the trial court's final judgment. *Haden,* 266 S.W.3d at 450.

Two months later, the law firm sought a traditional summary judgment against the company on the reasonableness of the attorney's fees incurred in seeking the summary judgment on its breach-of-contract claim. The trial court then rendered a final judgment incorporating its earlier ruling on the contract and awarded the law firm an additional $75,887.50 for attorney's fees incurred in pursuing the contract claim, with contingent fees totaling $45,000 for appeals to an intermediate appellate court and for seeking a petition for review in the supreme court. The first paragraph of the judgment recites that Haden and the company filed no response to the law firm's motion concerning the attorney's fees sought for pursuit of the contract claim. This appeal challenges this portion of the final judgment, which rendered final the trial court's orders rendering summary judgment in favor of the law firm on the company's counterclaims. Haden and the company did not supersede this final judgment, which prompted postjudgment collection and enforcement procedures. These culminated in the law firm's obtaining turnover relief, for which the firm sought attorney's fees pursuant to section 31.002(e) of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 31.002(e) (Vernon Supp. 2008). The law firm prevailed again and recovered a judgment for $90,000 in attorney's fees. Haden and the company challenge that judgment in Cause No. 01–03–00025–CV.

### Standard of Review

■ We review summary judgments de novo, *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005), and follow the usual standards that apply when a summary judgment order grants relief without specifying grounds. *See Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex.2001); *Stephens v. Dolcefino,* 126 S.W.3d 120, 125–26 (Tex.App.-Houston [1st Dist.] 2003, pet. denied). We consider all summary judgment grounds on which the trial court ruled and that the appealing party preserves for appellate review that are necessary for final disposition of the appeal. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 626 (Tex.1996).

The law firm moved for summary judgment under two authorizing rules, rule 166a(c) ("traditional" summary judgment) and 166a(i) ("no-evidence" summary judgment). *See* TEX.R. CIV. P. 166a(c),(i). For its breach-of-contract and attorney's fees claims, the law firm moved for traditional summary judgment under rule 166a(c). For Haden's and the company's counterclaims, the law firm sought both a traditional summary judgment and a no-evidence summary judgment under rule 166a(i). We apply the standard of review appropriate for each type of summary judgment. *See Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.,* 994 S.W.2d 830, 834 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (166a(i) no-evidence standard); *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997) (166a(c) traditional standard); *see also City of Keller v. Wilson,* 168 S.W.3d 802, 823 (Tex.2005) ("[T]he test for legal sufficiency should be the same for summary judgments, directed verdicts, judgments notwithstanding the verdict, and appellate no-evidence review."); *Sudan v. Sudan,* 199 S.W.3d 291, 292 (Tex.2006) (applying *City of Keller* standard to no-evidence summary judgment) (citing *City of Keller,* 168 S.W.3d at 823).

### Challenge to Section 38.001(8) Attorney's Fees

Haden's and the company's first issue challenges the final summary judgment

rendered in this cause, which awarded the law firm $120,887.50 for attorney's fees and costs and includes $75,887.50 awarded in connection with pursuing the law firm's claim for breach of contract.[4] Haden and the company challenge the fees awarded to the law firm in pursuing the firm's claim for breach of contract, on the grounds that (1) the law firm's motion did not segregate between recoverable and nonrecoverable grounds, (2) Sacks's affidavit in support of the fee recovery is conclusory and lacks supporting evidence, and (3) the "attendant circumstances" of awarding attorney's fees in an amount that is four times the amount in controversy creates a fact issue per se, despite Haden's and the company's failure to respond to the motion for summary judgment.

Having prevailed and recovered damages on its claim for breach of contract by the interlocutory summary judgment rendered in its favor, the law firm was entitled to recover reasonable attorney's fees and costs pursuant to chapter 38 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8); *Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex.1997) (holding that party must prevail and recover damages to be entitled to attorney's fees under section 38.001(8)).

The law firm offered the following affidavit by Sacks, its principal, in support of its motion for traditional summary judgment for attorney's fees, as authorized by section 38.001(8) of chapter 38:

My name is David J. Sacks, I am over the age of twenty-one (21) years, and am of sound mind and fully competent to make this affidavit. I am the President of David J. Sacks, P.C., d/b/a Sacks & Associates ("the Lawfirm"), I am also the custodian of records for David J. Sacks, P.C., d/b/a Sacks & Associates, and I have personal knowledge of all matters stated herein whose facts are true and correct.

1. I am an attorney licensed to practice law in the State of Texas and have been since 1985. I handle both the trial and appellate aspects of civil litigation type cases. I am Board Certified in Civil Appellate law by the Texas Board of Legal Specialization. I am familiar with the fees charged for cases of this type, in Houston, Harris County, Texas. Based upon:

 a. the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

 b. the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

 c. the fee customarily charged in Houston, Harris County, Texas for similar legal services;

 d. the amount involved and the results obtained;

 e. the time limitations imposed by the client or by the circumstances;

 f. the nature and length of the professional relationship with the client; and

 g. the experience, reputation, and ability of the lawyers performing the services,

 the attorneys' fees and expenses of $75,887.50 incurred in this case are reasonable and necessary for cases of this type in Houston, Harris County,

---

4. Haden's and the company's issue does not directly challenge the $45,000 in fees awarded contingently in the event of an appeal.

Texas. The reasonable and necessary fees in this case include filing the original and amended petitions, conducting discovery, attending depositions, filing three motions for summary judgment and replies in support thereof, preparing for hearing on three motions for summary judgment, responding and replying to a motion to recuse, and preparing for and attending an evidentiary proceeding on the motion to recuse.

2. In the event of an appeal to the court of appeals, a further sum of $25,000 would be reasonable and necessary attorneys' fees. In the event of a further appeal to the Supreme Court, a further sum of $15,000 would be reasonable and necessary attorneys' fee. In the event of oral arguments to the Supreme Court, a further sum of $5,000 would be reasonable and necessary attorneys' fees.

Further affiant sayeth not.

Haden and the company did not respond or offer any controverting evidence in opposition to the law firm's motion for summary judgment.

## A. Ramifications of Lack of Response to Sacks's Motion

Though Haden and the company filed no response to the law firm's motion for traditional summary judgment seeking attorney's fees, that does not preclude their challenge to the trial court's summary judgment ruling or a challenge on the grounds that conclusory statements lacked evidentiary support. The failure to respond to the law firm's motion for traditional summary judgment seeking attorney's fees, however, has consequences concerning the recovery of fees under TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8).

### 1. Challenges That May Be Asserted Despite Failure to Respond

#### a. *In General*

Because the party moving for traditional summary judgment, here the law firm, carries the burden to establish that no material fact issue exists and that it is entitled to judgment as a matter of law, "the nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense." *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex.2000); *see also Rhône–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999) ("The trial court may not grant summary judgment by default" for failure to file a response to a motion for summary judgment "when movant's summary judgment proof is legally insufficient."); *Rizkallah v. Conner*, 952 S.W.2d 580, 582–83 (Tex.App.-Houston [1st Dist.] 1997, no writ) (holding that lack of response by nonmovant "does not supply by default the summary judgment proof necessary to establish the movant's right to summary judgment" and that nonmovant "is limited on appeal to arguing the legal sufficiency of the grounds presented by movant") (citing *McConnell v. Southside Sch. Dist.*, 858 S.W.2d 337, 343 (Tex.1993)); *Jones v. Legal Copy, Inc.*, 846 S.W.2d 922, 924 (Tex.App.-Houston [1st Dist.] 1993, no writ) (holding that party who filed no response to motion for summary judgment limited to legal sufficiency challenge). Because a motion for summary judgment must stand on its own merits, the nonmovant may argue on appeal that the movant's summary judgment proof is insufficient as a matter of law, even if the nonmovant filed no response to the motion. *See Willrich*, 28 S.W.3d at 23.

Haden and the company may, therefore, properly contend, on appeal, that the law firm's motion for summary judgment is legally insufficient as a matter

of law to warrant summary judgment, despite their failure to respond to the law firm's motion seeking attorney's fees. But, because "issues not expressly presented to the trial court by written motion, answer, or other response" may not "be considered on appeal as grounds for reversal," Tex.R. Civ. P. 166a(c), Haden's and the company's challenges are necessarily limited to challenges to the legal sufficiency of the law firm's motion for traditional summary judgment to support judgment as a matter of law. *See Jones,* 846 S.W.2d at 924 (citing *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979)).

### b. *"Legal Conclusion" Challenge*

■ Haden and the company challenge the attorney's fee award by asserting that Sacks's affidavit is conclusory and lacks supporting evidence. A conclusory statement is objectionable because it lacks supporting, underlying facts. *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991); *Rizkallah,* 952 S.W.2d at 587. Statements that are nothing more than legal conclusions are not sufficient to support a summary judgment as a matter of law because they "reduce to a legal issue a matter that should be resolved by relying on facts," *id.,* and thus constitute "merely a sworn denial" of the nonmovant's claim. *Rizkallah,* 952 S.W.2d at 587 (citing *Anderson v. Snider,* 808 S.W.2d at 55); *see also Burrow v. Arce,* 997 S.W.2d 229, 235–36 (Tex.1999) (rejecting affidavit by counsel as "nothing more than a sworn denial of plaintiff's claims" that "could not support summary judgment"; further stating that an attorney "cannot simply say, Take my word for it; I know[.]").

Haden's and the company's contention is reviewable, despite their lack of response to the law firm's motion for traditional summary judgment, because their contention, that Sacks's affidavit testimony is conclusory and lacks supporting evidence, raises a defect of substance that they did not waive by not responding to Sacks's motion. *See Rizkallah,* 952 S.W.2d at 587.

For these reasons, we may review Haden's and the company's challenge to Sacks's affidavit on the grounds that it comprises mere legal conclusions.

### 2. Consequences of Lack of Response for Chapter 38

■ Consequences follow from Haden's and the company's lack of response to Sacks's motion for traditional summary judgment seeking attorney's fees pursuant to chapter 38 of the Civil Practice and Remedies Code. To warrant recovery under section 38.001 of the Civil Practice and Remedies Code, attorney's fees must be "reasonable." *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001. The reasonableness of an attorney's fee award generally presents a question of fact. *See Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 881–82 (Tex.1990); *Great Am. Reserve Ins. Co. v. Britton,* 406 S.W.2d 901, 907 (Tex.1966); *Tesoro Petroleum Corp. v. Coastal Ref. & Mktg., Inc.,* 754 S.W.2d 764, 767 (Tex.App.-Houston [1st Dist.] 1988, writ denied). An award of attorney's fees must be supported by evidence that the fees were both reasonable and necessary. *See Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10 (Tex.1991). A trial court determines the reasonableness of an attorney's fee award by considering the factors enumerated in *Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex.1997) (quoting Tex. Disciplinary R. Prof. Conduct 1.04(b), *reprinted in* Tex. Gov't Code Ann. tit. 2, subtit. G app. (State Bar Rules, art. X, § 9) (listing "factors that may be considered in determining the reasonableness" of a fee, but without excluding other relevant factors)); *see C.M. Asfahl Agency v. Tensor, Inc.,* 135 S.W.3d

768, 801–02 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (quoting *Andersen* factors).

■ Section 38.003 of the Civil Practice and Remedies Code creates a statutory presumption that the "usual and customary attorney's fees" are reasonable for a chapter 38 claim. *See* Tex. Civ. Prac. & Rem.Code Ann. § 38.003. Although the presumption is rebuttable, once triggered, *see id.*, it remains unrebutted when, as here, there has been no challenge to the proof provided by the summary judgment movant. *See Gen. Elec. Supply Co. v. Gulf Electroquip, Inc.*, 857 S.W.2d 591, 601–02 (Tex.App.-Houston [1st Dist.] 1993, no writ) (noting that section 38.003 presumption does not apply unless reasonableness of fees uncontroverted; further holding that controverting affidavit created fact issue on reasonableness of fees, which precluded summary judgment). It is undisputed that the trial court granted the law firm's request for attorney's fees pursuant to Chapter 38. Accordingly, Haden's and the company's challenges to the award must be reviewed within the statutory framework of chapter 38, specifically, its presumption of reasonableness. Tex. Civ. Prac. & Rem.Code Ann. § 38.003 (Vernon 1997).[5]

Well-settled law recognizes that the affidavit of the attorney representing a claimant constitutes expert testimony that will support an award of attorney's fees in a summary judgment proceeding. *See Tesoro Petroleum Corp.*, 754 S.W.2d at 767. Sacks is an interested party in this law-

suit, but that status does not defeat his affidavit. *See* Tex.R. Civ. P. 166a(c) ("A summary judgment may be based on uncontroverted testimonial evidence *of an interested witness, or of an expert witness* ... if the evidence is clear, positive, direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.") (emphasis added); *see Burrow*, 997 S.W.2d at 235.

## B. Legal Sufficiency of Sacks's Affidavit to Support Fee Recovery

Within the substantive parameters of sections 38.003 and 38.005 of the Civil Practice and Remedies Code addressed immediately above, *see* Tex. Civ. Prac. & Rem.Code Ann. §§ 38.003, 38.005, we turn to Haden's and the company's legal-sufficiency challenges to the trial court's rendering summary judgment in favor of the law firm for $120,887.50 in attorney's fees and costs. Haden's and the company's challenges include their contention that the affidavit offered by Sacks to support the award of attorney's fees, set forth in full above, consists of mere legal conclusions that are legally insufficient to support the award.

### 1. Contents of Affidavit

■ The affidavit demonstrates, on its face, Sacks's competency to swear to the facts stated in the affidavit and his capacity to state that he had personal knowledge of those facts. In addition to his role as president and custodian of the records of the law firm and as counsel in this litiga-

5. Chapter 38 further provides that the trial court "may take judicial notice of the usual and customary attorney's fees and of the contents of the file of the case file without receiving further evidence in ... a proceeding before the court," as occurred here. Tex. Civ. Prac. & Rem.Code Ann. § 38.004. In addition, section 38.005 compels that chapter 38 "shall be liberally construed to promote its underlying purposes." Tex. Civ. Prac. & Rem Code Ann.

§ 38.005. The record, however, does not suggest that either statute affected the trial court's reasoning in rendering summary judgment. Accordingly, our analysis may not encompass these additional statutory provisions. *See* Tex.R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

tion, Sacks described his qualifications as counsel, which included his board certification in civil appellate law by the Texas Board of Legal Specialization. We hold that these recitals establish compliance with the requirements of rule 166a(f). *See* Tex.R. Civ. P. 166a(f) (stating formal requirements for summary judgment affidavits).

In the affidavit, Sacks described the work encompassed by the fees sought, which included drafting original and amended pleadings, conducting discovery, filing motions, responding to motions, and preparing for and appearing in court. These facts are not "generalities," as Haden and the company contend, but "clear, positive, and direct, otherwise credible" and are neither internally inconsistent nor contain contradictions. *See* Tex.R. Civ. P. 166a(c). Although Haden and the company did not controvert the affidavit, all facts stated in it "could have been readily controverted." *See id.* As such, Sacks's affidavit meets the standards for summary judgment evidence stated in rule 166a(c). *See* Tex.R. Civ. P. 166a(c).

In addition, Sacks's affidavit specifies the factors that determined the basis for his statement that $75,887.50 was a "reasonable and necessary" amount for fees and expenses. Sacks tracked seven of the eight recognized, non-exclusive factors that courts properly consider in determining whether a fee is reasonable. *See Arthur Andersen & Co.,* 945 S.W.2d at 818 (quoting Tex. Disciplinary R. Prof. Conduct 1.04(b), *reprinted in* Tex. Gov't Code Ann. tit. 2, subtit. G app. (State Bar Rules, art. X, § 9) (listing "factors that may be considered in determining the reasonableness of a fee include, but not to the exclusion of other relevant factors")) (referred to hereinafter as the *Andersen v. Perry* factors of rule 1.04(b) of the State Bar Rules)[6]; *see also Sterling,* 822 S.W.2d at 10 (stating that other factors may properly be considered in awarding attorney's fees provided factors demonstrate that fees are "reasonable and necessary"); *C.M. Asfahl Agency,* 135 S.W.3d at 802 (quoting *Arthur Andersen & Co.,* 945 S.W.2d at 818).

Based on the facts stated in Sacks's affidavit, which complied with the evidentiary requirements of rule 166a(c) and which could have been readily controverted, but were not, and his reference to the well-settled factors on which he properly relied to demonstrate the reasonableness of the fees requested, we conclude that the affidavit constitutes legally competent evi-

---

**6.** Rule 1.04(a) prohibits illegal or unconscionable fees and states that a fee is unconscionable if "a competent lawyer could not form a reasonable belief that the fee is reasonable." Tex. Disciplinary R. Prof. Conduct 1.04(a), *reprinted in* Tex. Gov't Code Ann. tit. 2, subtit. G app. (State Bar Rules, art. X, § 9). The list of non-exclusive suggested factors in rule 1.04(b) includes:

 (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

 (2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;

 (3) the fee customarily charged in the locality for similar legal services;

 (4) the amount involved and the results obtained;

 (5) the time limitations imposed by the client or by the circumstances;

 (6) the nature and length of the professional relationship with the client;

 (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

 (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex.1997) (quoting Tex. Disciplinary R. Prof. Conduct 1.04, *reprinted in* Tex. Gov't Code Ann. tit. 2, subtit. G app. (State Bar Rules, art. X, § 9)).

dence that the $75,887.50 sought by the law firm as attorney's fees was both reasonable and necessary. Because Haden and the company did not controvert Sacks's affidavit or otherwise dispute the law firm's evidence, the law firm was further entitled to the statutory presumption that the requested amount was both reasonable and necessary. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.003; *Gen. Elec. Supply Co.*, 857 S.W.2d at 601.[7]

Haden and the company rely on *Burrow* and *Anderson v. Snider* to support their contention that Sacks's affidavit is incompetent summary judgment proof because it is conclusory and lacks evidentiary support. The specificity of Sacks's affidavit contrasts markedly with the affidavits offered by defense counsel in support of summary judgments in *Burrow* and *Anderson*, which the supreme court dismissed as mere sworn denials of the plaintiffs' legal-malpractice petitions and, for that reason, as incompetent legal conclusions. *See Burrow*, 997 S.W.2d at 235–36; *Anderson*, 808 S.W.2d at 55; *see also Rizkallah*, 952 S.W.2d at 587 (rejecting portions of summary judgment affidavit as legal conclusions). Moreover, neither *Burrow* nor *Anderson* construes provisions of chapter 38 or challenges an affidavit offered in support of a motion for summary judgment seeking attorney's fees pursuant to chapter 38. *See Burrow*, 997 S.W.2d at 234–38; *Anderson*, 808 S.W.2d at 55. Accordingly, the summary judgment evidence

reviewed in those cases did not encompass, as the evidence here necessarily does, the statutory presumption of reasonableness. *See Burrow*, 997 S.W.2d at 234–38; *Anderson*, 808 S.W.2d at 55; TEX. CIV. PRAC. & REM.CODE ANN. § 38.003.

## 2. Challenge to Lack of Supporting Documentation

 Haden and the company also challenge the sufficiency of Sacks's affidavit to warrant summary judgment, on the grounds that the law firm did not also provide supporting records such as billing records, depositions, interrogatories, admissions, affidavits of neutral, third-party attorneys, or other documentary evidentiary support. Haden and the company rely on *Bakery Equip. & Serv. Co. v. Aztec Equip. Co.*, 582 S.W.2d 870, 873 (Tex.Civ. App.-San Antonio 1979, no writ); *Lindley v. Smith*, 524 S.W.2d 520, 524 (Tex.Civ. App.-Corpus Christi 1975, no writ); and *Stafford v. Brennan*, 498 S.W.2d 703, 706 (Tex.Civ.App.-Corpus Christi 1973, no writ). We distinguish these cases because they predate the *Andersen v. Perry* factors of rule 1.04 of the State Bar Rules. Moreover, none of these cases considers chapter 38's presumption of reasonableness for unrebutted proof of reasonable fees. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.003. Considering section 38.003 with the lack of response or controverting proof by Haden and the company, lack of additional, supporting documentation did not

---

7. At oral submission of this case, counsel for Haden and the company directed us to two recent opinions of the Supreme Court of Texas, each of which resulted in judgments of remand for a new trial to determine the amount of attorney's fees. *See Young v. Qualls*, 223 S.W.3d 312 (Tex.2007); *Barker v. Eckman*, 213 S.W.3d 306 (Tex.2006). Both cases were appeals from trials on the merits, as opposed to appeals from a summary judgment, as here. More importantly, though each addressed disparity between the dam-

ages awarded and the attorney's fees awarded, the disparity arose from the appellate court's having suggested a remittitur of damages award on which the award of attorney's fees was based. *See Young*, 223 S.W.3d at 314; *Barker*, 213 S.W.3d at 314. There is no possibility of remittitur here because the $30,314.38 damages awarded by the trial court derives from the summary judgment rendered in favor of the law firm, which the supreme has recently affirmed. *See Sacks*, 266 S.W.3d at 450.

preclude the trial court from considering and relying on Sacks's affidavit as competent summary judgment evidence.

### 3. Excessiveness Challenge

Haden and the company contend that this Court "need consider nothing more than the amount sought" to conclude that the amount requested "creates, at best, a fact issue." As addressed above, Sacks's affidavit constitutes competent summary judgment evidence that could have been readily controverted, but was not. Having failed to controvert the law firm's evidence, Haden and the company cannot overcome the presumption of reasonableness of section 38.003. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.003.[8]

### 4. Failure to Segregate Fees

Despite their lack of response to the law firm's motion seeking traditional summary judgment for attorney's fees, and despite the statutory presumption of reasonableness stated in section 38.003, *see id.*, Haden and the company challenge the summary judgment on the grounds that the law firm did not segregate between recoverable and nonrecoverable fees and that this alleged error mandates reversal. Haden and the company base their contention on references to proceedings and motions in Sacks's affidavit that they contend are not related to the law firm's claims for breach of contract, which eliminates any attorney's fee compensation under chapter 38.

Because attorney's fees are recoverable only for authorized claims, a party seeking attorney's fees must offer proof that segregates between recoverable and nonrecoverable claims. *Solis*, 951 S.W.2d at 389; *Hruska v. First State Bank*, 747 S.W.2d 783, 785 (Tex.1988); *C.M. Asfahl Agency*, 135 S.W.3d at 801. Failure to segregate reasonably recoverable fees from nonrecoverable fees can result in rendition of a judgment that vacates attorney's fees or severs the fee dispute for remand for trial. *Sterling*, 822 S.W.2d at 11.

Settled law, however, holds that a party waives any error arising from possibly awarding nonrecoverable fees when the complaining party does not object to failure to segregate between legal services for which fees are properly recoverable and those for which no recovery of fees is authorized. *Solis*, 951 S.W.2d at 389–90; *Hruska*, 747 S.W.2d at 785; *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 823 (Tex.1985); *Matthews v. Candlewood Builders, Inc.*, 685 S.W.2d 649, 650 (Tex.1985); *C.M. Asfahl Agency*, 135 S.W.3d at 801. By not responding to the law firm's motion for summary judgment, Haden and the company waived any complaint premised on failure to segregate nonrecoverable fees. For this reason and also because rule 166a(c) precludes our addressing issues not presented to the trial court beyond the legal sufficiency of the motion and properly assertable defects of

---

8. We also distinguish *Rasmusson v. LBC PetroUnited, Inc.*, 124 S.W.3d 283 (Tex.App.-Houston [14th Dist.] 2003, pet. denied), on which Haden and the company relied in postsubmission briefing, and in which our sister court initially reversed a judgment that awarded a specific amount of costs on the grounds that the affidavit provided by counsel stated only conclusorily that "reasonable costs of $403.71 have been incurred . . .," but provided no other supporting evidence. *Id.* at 288; *see also id.* at 289 (affirming judgment upon voluntary remittitur of costs). In the case before us, the law firm did not request a specific award of costs in seeking summary judgment, Sacks's affidavit does not specify an amount of costs, and the final judgment does not award a specific amount of costs. Moreover, *Rasmusson* was not decided pursuant to chapter 38 of the Civil Practice and Remedies Code.

substance, as addressed above, we reject Haden's and the law firm's contention that lack of segregation mandates reversal. *See* TEX.R. CIV. P. 166a(c); *McConnell,* 858 S.W.2d at 343; *Jones,* 846 S.W.2d at 924.

We overrule Haden's and the company's first issue.

### Counterclaims for Breach of Fiduciary Duty, Fraud, and DTPA Violations

In their third issue, Haden and the company contend that the trial court erred by rendering a take-nothing summary judgment for the law firm on Haden's and the company's counterclaims to the law firm's suit to collect its unpaid fee invoices. The trial court rendered this summary judgment before rendering the summary judgment on the unpaid fees, which we addressed above.[9] Haden's and the company's counterclaims allege that the law firm (1) breached its fiduciary duty to Haden and the company, (2) committed fraud, (3) violated the DTPA, and (4) breached the contract with Haden and the company. The grounds asserted in the law firm's no-evidence motion for summary judgment on the counterclaims included the law firm's contention that it was entitled to judgment as a matter of law because Haden and the company had not incurred any damages on any of their counterclaims.[10] *See* TEX.R. CIV. P. 166a(i).

### A. No–Evidence Motion for Summary Judgment

A no-evidence motion for summary judgment is essentially a directed verdict granted before trial; we review for legal sufficiency. *See King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 750–51 (Tex. 2003); *Speck v. First Evangelical Lutheran Church,* 235 S.W.3d 811, 814 (Tex.App.-Houston [1st Dist.] 2007, no pet.). As the party seeking summary judgment in this case, the law firm was required to assert that no evidence existed as to one or more of the essential elements of Haden's and the company's counterclaims, on which they would have the burden of proof at trial, and also to state specifically the element or elements as to which there was no evidence. *See Johnson v. Brewer and Pritchard, P.C.,* 73 S.W.3d 193, 207 (Tex. 2002); *Mathis v. RKL Design/Build,* 189 S.W.3d 839, 844 (Tex.App.-Houston [1st Dist.] 2006); *Flameout Design & Fabrication, Inc.,* 994 S.W.2d at 834.

In moving for no-evidence summary judgment, the law firm enumerated each of Haden's and the company's counterclaims, listed the elements of each counterclaim, and asserted that Haden and the company had not incurred any damages, a required element of each of their counterclaims. This showing by the law firm satisfied the movant's initial burden, as stated in rule 166a(i). *See Johnson,* 73 S.W.3d at 207; *Mathis,* 189 S.W.3d at 844; *Flameout Design & Fabrication Inc.,* 994 S.W.2d at 834. Accordingly, the burden shifted to Haden and the company to provide some evidence, more than a scintilla, that raised a fact issue concerning whether they had incurred damages for the counterclaims they had asserted against the law firm. *See* TEX.R. CIV. P. 166a(i); *Rueda v. Paschal,* 178 S.W.3d 107, 109 (Tex.App.-Hous-

9. Because the trial court rendered the summary judgment on the counterclaims early in the case, the judgment was interlocutory until it became merged with the final judgment from which Haden and the company appeal. *See City of Houston v. Socony Mobil Oil Co.,* 421 S.W.2d 427, 430 (Tex.Civ.App.-Houston [1st Dist.] 1967, writ ref'd n.r.e.).

10. The law firm's motion also included a traditional motion for summary judgment on Haden's and the company's counterclaims. *See* TEX.R. CIV P. 166a(c).

ton [1st Dist.] 2005, no pet.); *Mathis*, 189 S.W.3d at 844. The burden having shifted to Haden and the company, the trial court had a mandatory duty, pursuant to rule 166a(i), to grant the law firm's no-evidence motion for summary judgment unless Haden and the company responded to that motion by producing more than a scintilla of evidence that raised a genuine issue of material fact on the challenged damages elements. *See* Tex.R. Civ. P. 166a(i); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002); *Rueda v. Paschal*, 178 S.W.3d at 109.

We will affirm a no-evidence summary judgment when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *City of Keller v. Wilson*, 168 S.W.3d at 810, 823; *King Ranch*, 118 S.W.3d at 751; *Mathis*, 189 S.W.3d at 844. We review any evidence presented by Haden and the company, as nonmovants, in the light that favors them, as nonmovants. *See Johnson*, 73 S.W.3d at 208; *Rueda*, 178 S.W.3d at 109. If the summary judgment record shows that Haden and the company presented more than a scintilla of probative evidence that raised a genuine

issue of material fact on the challenged element, then the trial court erred by rendering the no-evidence summary judgment and we must reverse. *See Rueda*, 178 S.W.3d at 109.

## B. Challenge to Damages Element for Each of the Counterclaims

Haden and the company asserted the following counterclaims against the law firm: DTPA violations, fraud, breach of fiduciary duty, and breach of contract. The law firm filed a no-evidence motion for summary judgment, contending that there was no evidence of damages for any of the counterclaims.

In response to the motion for summary judgment, Haden and the company claimed they were damaged in two ways. They claimed first that they were damaged by the charge of excessive fees that exceeded the amount that they had agreed to pay pursuant to the fee agreement, because Sacks allowed his associates to perform the work rather than doing it himself. Haden and the company then argued that they suffered damages because they incurred legal fees to defend against the lawsuit filed by Sacks for the unpaid fee invoices.[11] The summary judgment evidence provided by Haden and the company includes Haden's affidavit,[12] the correspon-

---

11. Haden and the company stated, as follows:

 HADEN has been damaged. HADEN has been sued under a contract which he did not make, *has been forced to hire an attorney to defend him in that lawsuit, and may have to pay excess fees incurred* when SACKS did not do the work but shuffled it off to an inexperienced, unprepared associate with less than three months experience who spent an inordinate amount of time on the project. As a result, *the fees over which this lawsuit was filed are higher than the amount of money provided in the contract between the parties.* It is difficult to imagine that such a project would require the

same amount of time by an attorney with twelve years['] experience as it would with three months['] experience.
 (Italicized emphasis added; uppercase emphasis in original).

12. The affidavit by Haden states, as follows:

 ... Based on Mr. Sacks representative [sic] as an appellate expert, I hired Mr. Sacks to put an edge on my trial lawyer's brief. At the outset of the engagement, I indicated that all I could pay was $5,000 for the work he proposed[,] and he said it could be as high as $10,000. Believing I was obtaining the services of an experi-

dence between Sacks and Haden that formed the written agreement here, and copies of invoices showing that Sacks worked 28 hours at $5,600, another attorney worked 37 hours at $6,475, and another attorney worked 161.75 hours at $24,262.50.

In response, the law firm contended that "Haden improperly attempts to label his possible legal fees in defending this suit on a sworn account as 'damages.'" Sacks also argued that, because Haden acknowledged having agreed to pay at least the $10,000 he paid and thus could not have been damaged merely because he was billed an additional amount.

### C. Analysis

We conclude that Haden and the company failed to produce more than a scintilla of evidence of damages for any of their counterclaims.

#### 1. DTPA Violations, Fraud, and Breach of Fiduciary Duty

■ To establish a claim for violations of the DTPA, a plaintiff must show that he sustained damages. *See* Tex. Bus. & Com. Code Ann. § 17.50(a) (Vernon 2002) (requiring that defendant's act constitute pro-

ducing cause of economic or mental anguish); *Latham v. Castillo*, 972 S.W.2d 66, 69 (Tex.1998) (stating elements of claim for unconscionable conduct recovery under DTPA, including damages pursuant to section 17.50(a)(3)). In a DTPA claim, "[w]ithout an actual-damages recovery, a party is not entitled to an attorney's fee recovery." *Gulf States Util. v. Low*, 79 S.W.3d 561, 567 (Tex.2002).

■ To establish a claim for fraud, the proof must establish "a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of the truth, which was intended to be acted upon, which was relied upon, and which caused injury." *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex.1990). "Attorney's fees are not recoverable as actual damages in fraud cases." *Hennigan v. Harris County*, 593 S.W.2d 380, 385 (Tex.Civ.App.-Waco 1979, writ ref'd n.r.e.); *see Kilgore Fed. Sav. & Loan Ass'n v. Donnelly*, 624 S.W.2d 933, 938 (Tex.App.-Tyler 1981, writ ref'd n.r.e.); *Kneip v. UnitedBank–Victoria*, 774 S.W.2d 757, 759 (Tex.App.-Corpus Christi 1989, no writ); *Town E. Ford Sales, Inc. v. Gray*, 730

---

enced appellate expert, I agreed to have Mr. Sacks do the work.

Initially, Mr. Sacks asked me to pay $10,000 to him and he who [sic] would bill his charges against the deposit. After discussing why all I was willing to pay him was $5,000, Mr. Sacks and I agreed that I could give him $5,000 to assist in the writing of the brief. At no time, or under any circumstances, did I agree to pay Mr. Sacks more than $10,000 for the work he proposed to do for me.

On or about September 15, 1997, I received a statement from Mr. Sacks which indicated an outstanding balance of more than $37,000. Mr. Sacks never contacted me prior to my receiving the bill to say that the project was going to be more expensive than we originally believed or to indicate

that he would be unable to do a substantial portion of the work on the brief himself. When I reviewed the bill I was surprised to discover that the vast majority of the work on the brief had been done, not by Mr. Sacks, but by two other attorneys in his firm. I subsequently learned that they were young associates with fewer than two years['] experience between them.

Further perusal of the bill revealed that one of the attorneys had billed 161.75 hours to my case and Sacks had only billed 28 hours. I learned that Kathleen Peterson nee'[sic] Hoekstra had only been practicing three months when working on my appeal. It was clear to me that the size of the bill was directly related to the inexperience of the attorney doing most of the work.

S.W.2d 796, 812 (Tex.App.-Dallas 1987, no writ).

To recover for breach of fiduciary duty, the evidence must prove "the existence of a fiduciary duty, breach of the duty, causation, and damages." *Abetter Trucking Co. v. Arizpe*, 113 S.W.3d 503, 508 (Tex.App.-Houston [1st Dist.] 2003, no pet.). A client who sues his attorney for breach of fiduciary duty "need not prove actual damages in order to obtain forfeiture of an attorney's fees for the attorney's breach of fiduciary duty to the client." *Burrow v. Arce*, 997 S.W.2d 229, 240 (Tex. 1999). Although a client may seek forfeiture of fees paid as damages for an attorney's breach of his fiduciary duty, Haden and the company did not assert this type of damages in their pleadings or in their response to the motion for summary judgment.[13] *See id.*

Haden and the company's counterclaims are premised on the following alleged conduct:

- Sacks induced Haden to hire the law firm by telling Haden that he must have an experienced, board-certified appellate lawyer like Sacks and representing that he would personally write the appellate brief instead of an associate,

- Sacks turned the file over to inexperienced attorneys, who performed the vast majority of the legal services,

- Sacks misrepresented the cost involved in assisting with the writing of the brief with the intent to charge more than four times the amount originally represented,

- Sacks understood that Haden could not afford to pay more than $5,000 and would not pay more than $10,000,

- Sacks failed to warn that the fees he was incurring to prepare the appellate brief were exceeding the agreed amounts,

- Sacks misrepresented the services he would render by agreeing to put "an edge" on the brief and instead completely rewrote it.

It is undisputed that Haden and the company formed an agreement with Sacks for legal services and that Haden agreed to pay and did pay at least $10,000 for the legal services. In addition, Haden and the company expressly stated in their response to the motion for summary judgment that they were not complaining of "legal malpractice" or "the quality of the work."[14] Their contentions are premised instead on whether Haden and the company sustained damages by the law firm's charging more for legal services than Haden and the company believe they were obligated to pay under the fee agreement. Even if we assume that Haden and the company were billed more than they agreed to pay, they have never asserted a claim for reimbursement of the $10,000 already paid to the law firm. Haden and the company have not shown, therefore, how they were damaged by invoices that charged in excess of the $10,000 that they acknowledge was due to the law firm.

---

13. For the first time on appeal, Haden and the company assert fee forfeiture as a ground for damages on the breach of fiduciary duty claim. We may not address this contention because it was never presented to the trial court. *See* Tex.R. Civ. P. 166a(c).

14. For the first time on appeal, Haden and the company contend that if Sacks had performed the work himself rather than giving the work to associates, the odds of obtaining a reversal and retrial would have significantly increased. Haden and the company did not present that argument to the trial court in support of their claim for damages and presented no summary judgment evidence to support the argument.

Haden and the company also claim that were damaged because Sacks told Haden that he would perform the legal services himself, but instead delegated most of the work to associates. They contend that Sacks's misrepresentation— that he would perform the work himself— resulted in damages because the inexperienced associates took more time to perform the work than Sacks would have taken, had he performed the work himself, and the bill was, therefore, higher than it should have been. Haden stated in his affidavit, "It was clear to me that the size of the bill was directly related to the inexperience of the attorney doing most of the work." Haden did not explain this statement, however, and provided no evidence to support his perception.

It is undisputed that the associates' time was billed at a lower rate than Sacks. Yet, even if we assume that Haden is correct that it took more time for the inexperienced attorney to perform the task that Sacks had taken, Haden and the company presented no evidence in the trial court to establish how long it would take an experienced attorney to perform the task in comparison to the time that an associate would take. Though a more experienced attorney could arguably perform the task more quickly, that attorney's higher billing rate could also result in a higher charge than for work done by an associate who took more time to complete the task at a lower rate. Having provided no evidence, however, Haden's and the company's contentions did not give rise to any triable issues of fact that Sacks's failure to perform the work himself resulted in damages.

In sum, the record establishes that the damages alleged by Haden and the company consist solely of claims for legal fees that they incurred in defending against the lawsuit filed by Sacks for the unpaid fee invoices. As well-settled law recognizes, however, attorney's fees incurred to *defend* a lawsuit filed by another are not recoverable. *See Tana Oil & Gas Corp. v. McCall*, 104 S.W.3d 80, 82 (Tex. 2003) (rejecting damages described solely in terms of "value of time spent" and "costs incurred" in defending lawsuit as nonrecoverable, even if party seeking such damages could have proven all other elements of claim for tortious interference); *cf., Holland v. Wal–Mart Stores, Inc.*, 1 S.W.3d 91, 95 (Tex.1999) (reiterating settled law proscribing award of attorneys' fees without statutory or contractual authority).

We conclude that Haden and the Company are not entitled to recover attorney's fees for their claims of DTPA violations and fraud because there is no showing of an actual-damages recovery. *See Gulf States Util.*, 79 S.W.3d at 567 (DTPA); *Hennigan*, 593 S.W.2d at 385 (fraud); *Town East Ford Sales, Inc.*, 730 S.W.2d at 812 (fraud). We further conclude that Haden and the company are not entitled to attorney's fees recovery in their claim for breach of fiduciary duty because they did not seek forfeiture of the attorney's fees paid to the law firm as damages or establish any other type of compensable damages for that claim. *See Burrow*, 997 S.W.2d at 240.

We therefore hold that Haden and the company offered no evidence that they sustained damages and, therefore, that the trial court properly rendered the no-evidence summary judgment in favor of the law firm on Haden's and the company's counterclaims for DTPA violations, fraud, and breach of fiduciary duty.

### 2. Breach of Contract

"The elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the

contract by the defendant; and (4) damages to the plaintiff resulting from that breach." *Wright v. Christian & Smith,* 950 S.W.2d 411, 412 (Tex.App.-Houston [1st Dist.] 1997, no writ). A party may recover attorney's fees in a breach of contract claim without an agreement providing for them if the party claiming the fees (1) prevails on its breach of contract claim and (2) recovers damages. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.002; *Solis,* 951 S.W.2d at 390. Haden and the company provided no summary-judgment evidence showing that they could recover the damages they have asserted for breach of contract.[15]

Haden asserted that:

> ... it is undisputed that David Sacks performed **some** services for HADEN. However, HADEN agreed to hire a board certified, appellate specialist with 12 years['] experience to handle his appeal—not inexperienced associates with fewer than 2 years of experience between them. HADEN would never have hired SACKS to represent him had he known that nearly 90% of the work on this appeal would be done by lawyers whose inexperience would result in their requiring nearly 200 hours to complete the work. HADEN did not agree to pay a fee which would support this many hours of work nor did he agree to provide an opportunity for new appellate lawyers to learn their trade. HADEN believed he was hiring David J. Sacks, Board Certified Appellate Specialist to do most, if not all, of the work on his appeal for a certain fee.

(All emphasis in original.)

▬ The law firm contends that, because the agreement plainly provides that different lawyers in the law firm would provide legal services to Haden and the company, no breach of contract occurred. The law firm further contends that Haden's affidavit "constitutes no evidence and cannot be considered" because "Haden cannot introduce this parol evidence to vary the terms of the contract between the Law Firm and Haden." The supreme court has approved this reasoning in reinstating the summary judgment rendered on the law firm's breach-of-contract claim. *See Sacks,* 266 S.W.3d at 451. We therefore reject Haden's and the company reliance on Haden's affidavit to create a triable issue of fact to support a claim for breach of contract by him and the company by varying the terms of their fee agreement with the law firm. *See id.; Messer v. Johnson,* 422 S.W.2d 908, 912 (Tex. 1968); *Gonzalez v. United Bros. of Carpenters & Joiners of Am.,* 93 S.W.3d 208, 211 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *Litton v. Hanley,* 823 S.W.2d 428, 430 (Tex.App.-Houston [1st Dist.] 1992, no writ). This fee agreement provided that Sacks and his associates would work on the appellate brief for Haden and the company at specified rates. We conclude that Haden and the company have not produced any evidence that they were damaged by the fees charged by the law firm, which comported with the terms of that written agreement.

We hold that the only evidence that Haden and the company offered in response to the law firm's motion for no-evidence summary judgment negated any recovery for their counterclaims and was, therefore, no evidence that they incurred

---

15. As the preceding analysis demonstrates, Haden and the company did not prevail. When the trial court rendered summary judgment on their counterclaims, however, the summary judgment was interlocutory and not yet final. Because the trial court had not yet determined who would ultimately prevail, it could not have rendered summary judgment on the ground that Haden and the company did not prevail.

any damages on their counterclaims. *See City of Keller,* 168 S.W.3d at 823; *King Ranch,* 118 S.W.3d at 751; *Mathis,* 189 S.W.3d at 844. The trial court thus properly granted the law firm's motion for summary judgment pursuant to rule 166a(i).

We overrule issue three.

### Conclusion

We affirm the judgment of the trial court.